Plaintiffs appeal from the trial court's entry of summary judgment in favor of defendant in a suit charging defendant with negligence in the maintenance and operation of a shopping mall parking lot.
Plaintiff Mary Duffy slipped on a piece of decorative gravel and broke her ankle in the parking lot owned by defendant corporation. She filed suit, alleging that defendant negligently allowed the gravel to spill over from a median onto the lot and remain there. Plaintiff William Duffy sued for loss of consortium.
Defendant moved for summary judgment without answering the complaint. The motion was based on the pleadings and "[a]ll discovery conducted in this action, particularly the deposition testimony of MARY L. DUFFY, the Plaintiff." Mrs. Duffy's deposition had not been filed at the time the motion was made, but was filed before the hearing on the motion.
Plaintiffs allege that there was no evidence to support defendant's motion for summary judgment. Plaintiffs note that defendant did not file an answer prior to moving for summary judgment and did not file any affidavits or depositions at the time the motion was made. Although the motion specifically states that it is based on Mrs. Duffy's deposition, plaintiffs maintain that the trial court could not consider the deposition because it was not filed until the day of the hearing on the motion.
The trial court can consider material before it at the time of the submission of the motion. Guess v. Snyder,378 So.2d 691, 692 (Ala. 1979). Mrs. Duffy's deposition was before the court prior to the hearing on the motion and that was sufficient.
We turn now to the question of whether the trial court correctly determined on the basis of the materials before it that defendant was entitled to summary judgment. Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P. If the material facts are not in dispute, a question of law is presented to be decided by the trial court. Kitchens v.Winn-Dixie Montgomery, Inc., *Page 874 456 So.2d 45, 47 (Ala. 1984). However, if there is a disputed material fact, even a scintilla of evidence supporting the nonmoving party will preclude summary judgment. White v. White,431 So.2d 1208, 1209 (Ala. 1983).
Plaintiffs argue that there was a scintilla of evidence on the question of whether defendant breached its duty of care. Defendant, however, maintains that summary judgment was appropriate because there was no disputed material fact concerning Mrs. Duffy's contributory negligence.
Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting. City of Birmingham v. Edwards, 201 Ala. 251, 255,77 So. 841, 845 (1918). An invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care. Quillen v. Quillen,388 So.2d 985, 989 (Ala. 1980). In Ex parte Bennett, 426 So.2d 832 (Ala. 1982), plaintiff tripped over a concrete car stop at the exit of a grocery store and was injured. The evidence indicated that plaintiff was aware of the stops prior to the accident and was attempting to avoid them at the time of the accident. This Court held that the granting of defendant's motion for judgment notwithstanding the verdict was proper since there was no disputed material fact on the issue of an open and obvious danger. 426 So.2d at 835.
In her deposition, Mrs. Duffy gave the following testimony:
"Q. What did you fall on, if anything?
"A. There was rocks there; little gravel.
". . . .
"Q. Okay. Where were these rocks?
"A. They were in the street.
"Q. These little gravels?
"A. The little gravel was in the street.
"Q. Okay. And you saw those in the street?
"A. Yes.
 "Q. And you saw them as you were walking across the street?
 "A. I saw them there as I was — well, I was standing there.
"Q. And before you fell?
"A. Yes.
". . . .
 "Q. Go ahead. You saw the little gravel or little rocks when you got out of the car?
"A. Yes.
 "Q. And you walked around the island. Was there any little gravel or any little rocks around on the pavement?
"A. There was quite a few on the pavement.
"Q. And you saw them as you were walking around?
"A. As I was walking around. Yes.
"Q. Were you concerned about slipping on them?
 "A. Not really. I had passed there many times before.
"Q. Had you seen them there many times before?
"A. Yes.
"Q. Had you ever slipped on them before?
"A. No.
 "Q. Had you ever walked on the little rock or little gravel before?
 "A. I had walked on them, but I had never stepped on a rock and turned my ankle before.
"Q. But you had walked through that area?
"A. I had walked through that area before.
 "Q. And you had walked through that area and stepped on the little gravel or the little rocks?
"A. Yes."
It is clear from Mrs. Duffy's deposition that she knew of the existence of the hazard prior to the accident. There was no evidence to the contrary before the trial court. Therefore, the trial court properly *Page 875 
determined that defendant was entitled to a judgment as a matter of law.
Let the trial court's entry of summary judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and HOUSTON, JJ., concur.