Geraldine Judy Sisk appeals from a summary judgment entered in favor of The Heil Company in her action seeking damages for injuries sustained when she slipped and fell while on property owned by Heil. We affirm.
In reviewing a summary judgment, we must construe the evidence in the manner most favorable to the appellant, and we must resolve all doubts against the appellee. Motes v.Matthews, 497 So.2d 1121, 1123 (Ala. 1986). The evidence, construed in that manner, suggests the following facts:
Heil leased a portion of its premises to Alabama June Jam, Inc.,[1] which was not a party to this action. Heil warranted only that it had good title to the property and that there were no known hidden or latent defects. The property was leased "AS IS," subject to those two caveats, for $1.00. The lease was executed at noon on June 12, 1992, and on June 13 a group of June Jam volunteers, who were in no way related to Heil, blocked off the road to the leased premises and charged those attending the concert for the privilege of parking there.[2] Ms. Sisk arrived at this parking area at approximately 2:15 on the morning of the concert and was directed to a parking spot. Ms. Sisk says that there was some lighting and that two of the members of her group were carrying flashlights. Ms. Sisk and her group proceeded from their automobile toward the concert *Page 1365 
area. It had been raining, and Ms. Sisk said that the ground was very slick. The road on which Ms. Sisk was walking had speed bumps made of strips of gravel laid across the road. As Ms. Sisk was stepping over one of these bumps, her foot slid in the mud and she injured her ankle.
Ms. Sisk sued for damages for her injuries, claiming that Heil had breached its duty to use reasonable care and diligence to maintain the premises in a reasonably safe condition and to warn of any known dangers, or dangers that reasonably should have been known. She also sought damages under a contract theory, claiming that Heil had a duty to provide her a safe premises because of a contract that she alleges came into existence when she paid the price for parking.
In Alabama the duty owed by a landowner to a person on his property varies greatly based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee. Sisk argues that she was an invitee, while Heil argues that she was merely a licensee. "If plaintiff is . . . on defendant's property with his consent or as his guest, but with no business purpose, he attains the status of licensee" and is entitled "not to be willfully or wantonly injured" and "not to be negligently injured after the landowner has discovered his peril." Tolbert v. Gulsby, 333 So.2d 129, 131 (Ala. 1976), citing Autry v. Roebuck Park Baptist Church, 285 Ala. 76,229 So.2d 469 (1969). In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefited the owner or occupier of the premises. Autry v. Roebuck Park Baptist Church,285 Ala. at 81, 229 So.2d 469 (1969), citing McNulty v. Hurley,97 So.2d 185 (Fla.Supp. 1957). The duty owed to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." Harvellv. Johnson, 598 So.2d 881 (Ala. 1992). Although this issue was argued at length by the parties, it is of no consequence. Ms. Sisk cannot recover even if she was an invitee and was, therefore, owed the highest duty of care, because "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965), quoted in Terry v. Life Ins. Co. of America, 551 So.2d 385, 386
(Ala. 1989). In order for a condition to be "known" to a person, that person "must be aware of the existence of the condition and must appreciate the danger it involves." Terry, 551 So.2d at 386. Ms. Sisk admitted that she had already successfully navigated several of these bumps before her accident; thus, she was aware of their presence. She contends, however, that she was not aware of the danger these speed bumps created. Ms. Sisk is an adult of apparently normal intelligence and as such should be aware of the need for caution when walking on mud and stepping over a strip of gravel. Speed bumps made of gravel and located on a dirt road do not present a hidden danger and, therefore, the premises owner has no duty to warn his invitees of their presence or of the dangers that may be associated with them. Thus, the trial court properly entered the summary judgment with respect to Ms. Sisk's negligence claim.
The summary judgment was also proper as to Ms. Sisk's contract claim. Alabama June Jam, Inc., had leased the premises where the accident occurred and was in control of those premises at the time of the accident. Ms. Sisk paid the agents of Alabama June Jam, Inc., not Heil or an agent of Heil, for the privilege of parking on the premises. Thus, there was no privity between Ms. Sisk and Heil on which to base an action for breach of a contractual duty to provide a safe premises.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.
[1] Alabama June Jam is a charitable corporation founded by the country music group "Alabama." Its primary fund-raising function is a day-long country music concert held each June in Fort Payne, Alabama, and featuring various artists.
[2] The monies collected went to charity. *Page 1366