RICHARD L. HOLMES, Retired Appellate Judge.
Robbie Ann Lowery appeals a summary judgment entered in favor of Mountain Top Indoor Flea Market, Inc. (flea market), and Melton Terrell. Terrell is the president and sole shareholder of the flea market and the owner of the premises where the flea market is located.
Our review of the record reveals the following pertinent facts: Lowery filed a complaint against the flea market, Terrell, and Janie Terrell. We would note that a summary judgment motion was granted in favor of Janie Terrell by consent of all the parties. Lowery has not appealed the summary judgment with respect to Janie Terrell.
The complaint stated that in August 1994 Lowery was an invitee on the flea market grounds and fell in a graveled common area of the flea market premises. Lowery alleged that Terrell and the flea market had negligently and/or wantonly constructed and/or maintained the area of the flea market in which she fell. Lowery further alleged that Terrell and the flea market knew of the unreasonably dangerous condition that existed in the graveled common area where she fell. Lowery asserted that she was injured and damaged as a direct and/or proximate consequence of the negligence and/or wantonness of Terrell and the'flea market.
Terrell and the flea market filed an answer and asserted the affirmative defenses of contributory negligence and assumption of the risk.
Terrell and the flea market filed a summary judgment motion, requesting that the trial court enter a summary judgment in their favor because, they said, “the fall sustained by [Lowery], upon which this suit is based, was due to her own negligence and/or that she voluntarily assumed the risk which caused her fall and alleged injury.” Terrell and the flea market relied upon Lowery’s deposition to support their summary judgment motion.
*157 Lowery filed a response in opposition to the summary judgment motion, contending that there were genuine issues of material facts in dispute. Lowery filed her affidavit, her deposition, and Terrell’s deposition in support of her response in opposition to the summary judgment motion.
After a hearing, the trial court issued an order, granting the summary judgment motion in favor of Terrell and the flea market. In its order the trial court specifically found that because the evidence demonstrated that Lowery had knowledge of the “dangerous condition” and put herself in the way of this known danger, Terrell and the flea market were not liable for Lowery’s injuries.
Lowery appeals, contending that the trial court committed reversible error when it granted the summary judgment motion in favor of Terrell and the flea market.
On appeal, an appellate court must decide whether a genuine issue of a material fact exists. If it is determined that no genuine issue of a material fact exists, then the appellate court must determine whether the moving party was entitled to a judgment as a matter of law. Additionally, the appellate court must view the record in a light most favorable to the non-moving party, and it must x’esolve all reasonable doubts against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
Additionally, we would note that a summary judgment is rarely appropriate in negligence and personal injury cases. Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986).
It is undisputed that Lowery was a business invitee at the time of her fall. We would note that a premises owner is not generally liable for the injuries sustained by an invitee when those injuries resulted from a dangerous condition that was either known to the invitee or should have been observed by the invitee in the exercise of reasonable care. McClendon, 601 So.2d 957.
Terrell and the flea market maintain that the trial court correctly determined that they were not liable for Lowery’s alleged injuries because, they say, Lowery had knowledge of the “dangerous condition” and put herself in the way of this known danger.
We would note that our supreme court stated the following in Marquis v. Marquis, 480 So.2d 1213, 1215-16 (Ala.1985):
“However, not only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred. The court, in F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, [396,] 140 So.2d 824[, 827] (1962), and again in Kingsbery Homes [Corp. v. Ralston, 285 Ala. 600, [607,] 235 So.2d 371[, 377] (1970) ], reaffirmed that ‘[w]e have long been committed to the proposition that the plaintiffs appreciation of the danger is, almost always, a question of fact for the determination of the jury.’ ”
(Emphasis added) (citations omitted).
In the present case, Lowery stated in her affidavit that the outside common areas of the flea market are covered with a dirt and gravel surface. Lowery testified in her deposition that the area in which she fell was covered with rocks, both large and small, and loose dirt. We would note that Lowery admitted in her deposition that -she knew that she needed to be careful because rocks could be slippery. However, Lowery also testified in her deposition that most of her observations regarding the area in which she fell occurred after her fall.
Lowery indicated that the area in which she fell appeared to be a normal walkway between the aisles of merchants. She stated that there were other people crossing in that area and that there were no signs or other indications that the area was not a normal walkway.
However, the area where Lowery fell was not a “normal walkway.” Terrell testified in his deposition that about three or four weeks prior to the incident, he had used' a backhoe to dig a drainage ditch in the area where Lowery fell. Terrell testified that the ditch was approximately three feet wide and approximately eight inches, deep.
In light of the above, we find that there, existed a genuine issue of a material fact as *158 to whether Lowery had “a conscious appreciation of the danger posed by. the visible condition at the moment the incident occurred." (Emphasis added.) Marquis, 480 So.2d at 1215.
The judgment of the trial court is due to be reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.