699 So.2d 158 (1997)
Ex parte MOUNTAIN TOP INDOOR FLEA MARKET, INC., and Melton Terrell.
(Re Robbie Ann LOWERY v. MOUNTAIN TOP INDOOR FLEA MARKET, INC., and Melton Terrell).
1951624.
Supreme Court of Alabama.
May 2, 1997.
*159 James C. Inzer III of Inzer, Stivender, Haney & Johnson, P.A., Gadsden, for petitioners.
No brief filed for respondent.
MADDOX, Justice.
The plaintiff, a business invitee, was injured when she slipped and fell on loose gravel on the premises of the defendant Mountain Top Indoor Flea Market, Inc. She sued that defendant and others, alleging that they had caused her to fall and be injured. The trial court entered a summary judgment in favor of the defendants on the ground that the evidence showed, as a matter of law, that the plaintiff "had knowledge of the existence of the dangerous condition[,] if in fact the condition [was] dangerous, and ... with appreciation of such danger ... failed to exercise care for her own safety by putting herself in the way of such known danger."[1]
*160 The plaintiff appealed. The Court of Civil Appeals reversed the summary judgment, holding that a genuine issue of material fact existed as to whether the plaintiff appreciated the known danger at the time of the incident. Lowery v. Mountain Top Indoor Flea Market, Inc., 699 So.2d 155 (Ala.Civ. App.1996). The Court of Civil Appeals based its ruling in part on Marquis v. Marquis, 480 So.2d 1213, 1215-16 (Ala.1985), where this Court held that for the plaintiff's "knowledge of the dangerous condition" to bar a recovery "the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred," and stated "`that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury'" (quoting Kingsberry Homes Corp. v. Ralston, 285 Ala. 600, 607, 235 So.2d 371, 377 (1970)). We granted the defendants' certiorari petition to review the holding of the Court of Civil Appeals. We conclude that the trial court properly entered the summary judgment; therefore, we reverse the judgment of the Court of Civil Appeals and remand for further proceedings or an order consistent with this opinion.
The facts are not disputed. The plaintiff, Robbie Ann Lowery, while an invitee of Mountain Top Indoor Flea Market, Inc. (the "Flea Market"), was injured when she fell in an area that had previously been excavated for drainage. She sued the Flea Market; Melton Terrell, its president and one of its owners; and Janie Terrell, who was Melton Terrell's wife and who was also an owner, alleging that the Flea Market and the Terrells had negligently or wantonly constructed and/or maintained the graveled area where she fell. The defendants filed a motion for summary judgment, in which they claimed that "the fall sustained by the plaintiff, upon which this suit is based, was due to her own negligence and/or that she voluntarily assumed the risk which caused her fall and alleged injury."
In reversing the judgment of the Court of Civil Appeals, we have applied the principle that "[i]n reviewing the disposition of a motion for summary judgment, we utilize the same standard as ... the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988) (citing Chiniche v. Smith, 374 So.2d 872 (Ala. 1979)); see Rule 56(c) Ala.R.Civ.P. The movant has the burden of "showing material facts, which, if uncontested, entitle the movant to [a] judgment as a matter of law." Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989); Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110, 1111 (Ala.1977). Once the movant has made this showing, the opposing party then has the burden of presenting evidence creating a genuine issue of material fact. Danford v. Arnold, 582 So.2d 545, 546 (Ala.1991); Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
This action was filed after June 11, 1987; therefore, the nonmovant must meet the burden of establishing the existence of a genuine issue of material fact by substantial evidence. Ala.Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, supra. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and *161 must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990); Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala.1986); Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986).
The summary judgment was appropriate, based on the grounds set forth in the trial court's order. This Court in Sisk v. Heil Co., 639 So.2d 1363, 1365 (Ala.1994), addressing landowner liability, stated:
"In Alabama the duty owed by a landowner to a person on his property varies greatly based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee.... In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefited the owner or occupier of the premises. Autry v. Roebuck Park Baptist Church, 285 Ala. [76] at 81, 229 So.2d [469 at 473] (1969), citing McNulty v. Hurley, 97 So.2d 185 (Fla.1957). The duty owed to an invitee `is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.' Harvell v. Johnson, 598 So.2d 881 (Ala.1992)."
This Court has further held:
"Of course, the owner of the premises in such cases is not an insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to an invitee.
"As the defendant points out, in brief, `the law doesn't say that for every injury there is a remedy. It says for every wrong there is a remedy.' The owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part. Tice v. Tice, [361 So.2d 1051 (Ala.1978) ]."
Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala.1980) (emphasis omitted).
"`[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.' [Quillen v. Quillen,] 388 So.2d [985] at 989 [ (Ala.1980) ].
"In ... Terry v. Life Ins. Co. of Georgia, 551 So.2d 385, 386 (Ala.1989), this Court discussed the definitions of `known' and `obvious' dangers:
"`The Restatement (Second) of Torts § 343A (1965) states:
"`"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
"`Comment b defines "known" and "obvious." In order [for a factfinder] to conclude that the defect was "known," the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. "Obvious" means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the "obvious" test is an objective one.'"
Hines v. Hardy, 567 So.2d 1283, 1284 (Ala. 1990) (emphasis omitted).
We realize, just as the Court of Civil Appeals stated, that a summary judgment is rarely appropriate in negligence and personal injury cases. Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986). However, see Duffy v. Bel Air Corp., 481 So.2d 872, 873 (Ala. 1985) (when material facts are not in dispute and only a question of law exists, that question to be determined by the trial court); Shaw v. Lipscomb, supra (this Court affirmed a summary judgment for the defendant where plaintiff slipped and fell on a twig or sweetgum ball); Hines v. Hardy, supra (summary judgment for defendant affirmed where plaintiff stepped on an outdoor crosstie); Bennett v. Cole, 426 So.2d 829 (Ala.Civ. App.1981), affirmed, 426 So.2d 832 (Ala.1982) (defendant's judgment notwithstanding plaintiff's verdict affirmed because evidence was insufficient for a finding of negligence where *162 a grocery store patron tripped on a "car stop" in the parking lot); and Sisk v. Heil Co., supra (this Court held that the plaintiff, as an adult of normal intelligence, should have been aware of the need for caution when walking on mud and stepping over a strip of gravel).
In McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992), this Court reversed a summary judgment in a slip-and-fall action where the same defendant involved in the present case argued the defense of assumption of the risk. This Court in McClendon noted that the plaintiff "Charlotte McClendon's assumption of the risk was the sole basis for the summary judgment." Id. at 958. However, McClendon is distinguishable from the present case on the basis that the summary judgment in the present case was entered on the ground that the danger posed by the gravel area was open and obvious and that the plaintiff's testimony, in her deposition, shows as a matter of law, that she appreciated the danger before she started across the graveled area. Further, the facts of McClendon appear to be distinguishable from those of this present case; the plaintiff in McClendon stated in her affidavit:
"`Upon stepping out of the doorway of Sides Furniture Sales, I was then positioned on a gravel and dirt surfaced decline immediately outside the doorway of Sides Furniture Sales. The dirt and gravel surface being the primary outside ground cover for all the businesses located in the Mountain Top Flea Market.
"`As I exited Sides Furniture Sales on the gravel/dirt decline, my left foot slid on some loose gravel causing me to fall and injure my left ankle. At the point of exit from Sides Furniture Sales there was no handrail or other apparatus to hold on to in exiting. There were no signs of caution or warnings on the exit denoting loose gravel or that a hazardous condition existed. The exit area was open to the public and others were walking in the area.
"`....
"`Since March 27, 1988 I have had an opportunity to go back to Mountain Top Flea Market and view the area where I was injured. Since the time of my injury, the condition of the exit area from Sides Furniture Sales has changed substantially. There has been extensive filling in the area with yellow clay and additional gravel has been added. Furthermore, the exit decline slope has been diminished from an approximate 45 [degree] angle to about a 10 [degree] angle.'"
601 So.2d at 960 (emphasis added).
Each case involving a landowner's liability must be decided upon its facts. We conclude that the facts of this case require a finding that Robbie Ann Lowery did have "a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred." Marquis, 480 So.2d at 1215.
Consequently, we hold that the trial court properly entered the summary judgment in favor of the defendant. The judgment of the Court of Civil Appeals is reversed and the cause is remanded for further proceedings or an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, KENNEDY, BUTTS, and SEE, JJ., concur.
HOUSTON, J., concurs specially.
COOK, J., dissents.
HOUSTON, Justice (concurring specially).
I dissented in McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 961 (Ala.1992). The majority opinion in this case is consistent with my dissent in McClendon.
COOK, Justice (dissenting).
I respectfully dissent. In keeping with our holding in McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala. 1992), I disagree with the majority's opinion that the summary judgment was proper in this case because the plaintiff had "a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred." 699 So.2d at 160.
In McClendon, which involved the same defendant as in the instant case, we held that a summary judgment was precluded because *163 genuine issues of material fact existed regarding whether the flea market had used reasonable care and diligence to maintain the surface of its premises and whether the plaintiff knew or should have known of risks associated with walking on a gravel and dirt surface.
The facts in McClendon are directly analogous to those in instant case. In McClendon, Charlotte McClendon visited Mountain Top Indoor Flea Market, as she and her family had on many occasions. 601 So.2d 957. McClendon slipped and fell when her left foot slid on loose gravel after she stepped onto the gravel and dirt surface, which was found throughout the flea market. Id. at 958. McClendon argued that Mountain Top had a duty to her, as an invitee, "to provide a means of ingress to and egress from the leased premises that did not pose an unreasonable risk of danger" and "to warn invitees of the dangerous character of the surface." Id. We reversed Mountain Top's summary judgment and remanded the case for further proceedings. Id. at 961.
Like the plaintiff in McClendon, Robbie Lowery, the plaintiff in the instant case, slipped and fell at Mountain Top Indoor Flea Market while walking in a section of the common area that had been excavated for drainage. Lowery argues that Mountain Top knew of what she alleged to be an unreasonably dangerous condition that existed in the graveled common areas. I agree. As of 1988, Mountain Top, which operated only on Sundays, accommodated approximately 1,100 vendors and 30,000 patrons. Mountain Top should have become aware of the danger of its graveled premises in 1988, when the plaintiff in McClendon was injured. In addition, a firefighter, who worked part-time at Mountain Top, stated by deposition in McClendon that several people had fallen on the gravel and dirt surface while he was on duty at Mountain Top. Id. at 960.
It is undisputed that a property owner is not generally liable for injuries sustained by an invitee when the injuries resulted from a dangerous condition that either was known to the invitee or should have been observed by exercising reasonable care. Id. at 959. However, in Marquis v. Marquis, 480 So.2d 1213, 1215-16 (Ala.1985), we held:
"[N]ot only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred.... `[W]e have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury.'"

(Emphasis added.)
The fact that the gravel flooring of the flea market was visible to Lowery does not indicate that she appreciated the danger that she was likely to fall, especially when her incident occurred in the common area of the flea market where patrons had to walk in order to gain access to the flea market and no warning signs indicated that the common areas were inaccessible.
While a property owner is not an insurer, I do not believe that our cases stand for the proposition that a landowner can maintain a common area that presents a danger to a pedestrian customer and assert that the danger is open and obvious after the customer sustains a fall, especially when the plaintiff customer, as in this case, was using the area in a safe and cautious manner and in a way reasonably to be expected by the property owner. It is obviously apparent that after the plaintiff found herself in this graveled area, in order to get to another location she had to traverse the graveled area. The implication in this case is that the plaintiff should have sat down and waited to be extricated once she realized that she was on a surface of loose rocks, gravel, and dirt. It is not unreasonable to require a landowner to make reasonably safe an area that is open for use by the general public.
For these reasons, I believe a genuine issue of material fact exists as to whether, at the moment the incident occurred, Lowery consciously appreciated the danger posed by the gravel. This case is like McClendon. The summary judgment in this case was properly reversed and the case properly remanded by the Court of Civil Appeals for a jury to determine whether Lowery appreciated *164 the danger of Mountain Top's graveled premises.
Therefore, I would affirm the judgment of the Court of Civil Appeals. I agree with that court that a genuine issue of material fact existed as to whether, at the time of the incident, Lowery appreciated the known danger.
NOTES
[1] The text of the trial court's order is as follows:

"1. Summary Judgment is granted in favor of the Defendant, Janie Terrell, by consent of all parties and said Defendant is no longer a party to this ... action.
"2. Defendant's Motion for Summary Judgment as to Mountain Top Indoor Flea Market and all other parties is granted based upon the pleadings, depositions, and other evidence presented to Court which show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
"The Court finds that the Plaintiff in deposition testified that she had observed the general area in which she was walking and specifically the rocks both small and large covering the area. Plaintiff further testified that she knew that rocks could be slippery and that she needed to be careful and thus was `taking small steps in order to try to avoid slipping on the loose rocks.'
"Plaintiff testified that the `precautions' were not enough to keep her from falling, and that she fell when the rocks shifted. The Court specifically finds that the Plaintiff (1) had knowledge of the existence of the dangerous condition if in fact the condition is considered dangerous, and (2) with appreciation of such danger, she (3) failed to exercise care for her own safety by putting herself in the way of such known danger. An invitor is not liable for injuries to an invitee resulting from a danger which was know to the invitee [and] which the invitee should have observed through the exercise of reasonable care.
"For the above reasons Summary Judgment is GRANTED ...."
(C.R.177.)
The trial court's order was probably based upon the testimony of the plaintiff, in deposition, which reads:
"Q. Describe for me the area in which the fall occurred.
"A. It was real, had lots of rocks and loose dirt and gravel.
"Q. I take it you observed this before you fell?
"A. Yes, sir.
(C.R.76.)
"Q. Before you walked through that area, did you have any judgment about what was in the area that you were going to be walking through?
"A. Just loose rocks.
"Q. You knew that it was not a paved area?
"A. Yes, sir.
"Q. You knew that it had loose rocks in there?
"A. Yes, sir."
(C.R.91.)
"Q. You've walked on other places at other times that have loose dirt or gravel, haven't you?
"A. Yes, sir.
"Q. You know that they can be slippery and rocks can move, don't you?
"A. Yes, sir.
"Q. So it wasn't a surprise to you that these rocks had moved?
"MR. HUNTER: Object to the form.
"Q. I mean, if you walk on loose dirt or gravel, that can happen?
"A. I take extra precautions when you do that. You don't walk as fast. You go slower.
"Q. Well, were you taking those precautions on this
"A. Yes, sir. [cont'd]
"Q. And what were you doing in taking those precautions?
"A. I was taking smaller steps.
"Q. And that was because why?
"A. Of the loose gravel.
"Q. So you were taking those precautions so that you wouldn't slip on the loose gravel?
"A. Yes, sir."
(C.R.94-95.)
"Q. But you recognized there was gravel... in that area and that you needed to be careful?
"A. Yes, sir.
"Q. And so you were taking small steps in order to try to avoid slipping on the loose rocks?
"A. Yes, sir."
(C.R.96.)