THOMPSON, Judge,
dissenting.
I believe that Williams failed to present substantial evidence indicating that the sidewalk, the curb, or the wheelchair ramp presented a hidden defect that she could not have discovered in the exercise of ordinary care. For that reason, I must respectfully dissent.
Because Williams was an invitee of the defendant Martin Distributing Company, that defendant’s duty was limited to giving Williams notice of hidden defects that were unknown to her and that could not have been discovered by her in the exercise of ordinary care. See Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala.1997); and Sisk v. Heil Co., 639 So.2d 1363, 1365 (Ala.1994). The Supreme Court of Alabama has held that an invitor is not an insurer of an invitee’s safety and will be liable only if it fails to use reasonable care in maintaining its premises in a safe manner. Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d 403, 404 (Ala.1995); and Mills v. Bruno’s, Inc., 641 So.2d 777, 778 (Ala.1994). “No presumption of negligence arises from the mere fact of injury to the customer.” Hose v. Winn-Dixie Montgomery, Inc., 658 So.2d at 404, citing Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala.1982).
Williams argues that she presented the trial court substantial evidence indicating hidden defects in the sidewalk, curb, and wheelchair ramp located at the entrance to the convenience store. However, Williams testified in her deposition that nothing blocked her view of the curb. Williams even admitted during that deposition that *312 the curb was in plain view and that it could be seen without markings:
“Q. ... [W]hat I’m asking you is would the solution you have suggested, markings, does the lack of them make that curb such that you can’t see it when you approach it?
“A. I think it makes it so that it’s not easy to see without markings.
“Q. Okay.
“A. Not that you can’t.
“Q. Okay. Because you would agree with me that the curb itself is in plain view, you would agree with that, wouldn’t you?
“A. Yes.”
In a premises-liability case, this court must affirm a summary judgment for the defendant if a plaintiff invitee has failed to produce substantial evidence indicating that the defect was not known or obvious to the invitee. See Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158 (Ala.1997) (affirming the summary judgment because the invitee had a conscious appreciation of the danger posed by the graveled area where she fell); Gable v. Shoney’s, Inc., 663 So.2d 928 (Ala.1995) (affirming the summary judgment because the invitee failed to present evidence to establish that a bumper block was a hidden defect that she was unaware of and would not have discovered in the exercise of ordinary care); Sisk v. Heil Co., 639 So.2d 1363 (Ala.1994) (affirming the summary judgment because the plaintiff, as an adult of normal intelligence, should have been aware of the need for caution when walking on mud and stepping over speed bumps); Harvell v. Johnson, 598 So.2d 881 (Ala.1992) (affirming the summary judgment because the plaintiff employee’s knowledge of the danger posed by the stairs from which he fell precluded any recovery); and Ex parte Bennett, 426 So.2d 832 (Ala.1982) (affirming the summary judgment because the plaintiff failed to present even a scintilla of evidence creating a factual dispute regarding whether the “car stops” over which she tripped were an open and obvious danger of which she was or should have been aware).
The majority reasons that this case is indistinguishable from Woodward v. Health Care Authority of the City of Huntsville, 727 So.2d 814 (Ala.Civ.App.1998), in which this court reversed a summary judgment in favor of the defendant. In Woodward, the plaintiff claimed that on a night when she was visiting the defendant’s hospital for the first time, she tripped and fell over an unmarked curb. 727 So.2d at 815-16. A flat wheelchair ramp had been cut into the sidewalk at the location of her fall. Woodward, 727 So.2d at 816. The plaintiff in Woodward testified in her deposition that as she exited the hospital’s parking garage she encountered a bright light that shone in her face. 727 So.2d at 816. The plaintiff testified that the contrast between the light in the parking garage and the light outside caused the walkway where she fell to give the appearance of “one massive area of cement.” 727 So.2d at 816.
In the present ease, Williams had visited Martin Distributing’s gasoline station previously; in Woodward, the plaintiff had never before been to the defendant’s hospital. Williams testified that her accident occurred at noon. In Woodward, the plaintiff fell at night, after allegedly being blinded by a bright light. Although it was an overcast day when Williams fell, the record contains no evidence of anything that might have obstructed her view, such as the alleged blinding effect of the light in Woodward.
The Supreme Court has noted that “[e]ach case involving a landowner’s liability must be decided upon its facts.” Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d at 162. Therefore, I must conclude that this case is distinguishable from Woodward and that the facts of this case clearly show that the condition of the area in which Williams fell was not a hidden defect but an open and obvious condi *313 tion that Williams should have discovered through the exercise of reasonable care. See Ex parte Mountain Top Indoor Flea Market, 699 So.2d at 161. Because I would affirm the trial court’s summary judgment in favor of Martin Distributing and Chevron, I must respectfully dissent.
CRAWLEY, J., concurs.