CRAWLEY, Judge.
Margaret Doris Shows stopped at a convenience store owned and operated by Mayfield Oil Company (“Mayfield”) on her way to work to purchase a soft drink. As she exited her car, she noticed that two men were preparing to spray off the gasoline pumps with a green hose. That hose stretched from the faucet on the right side of the building, across the front of the store to where the men were working. As Shows approached the door to enter the building, she tripped over the hose, stumbled, and fell on her right knee.
She sued Mayfield, alleging that it had negligently or wantonly allowed a defect to exist on its property and that she had fallen and injured her knee because of that defect. Mayfield moved for a summary judgment, arguing that it was not liable because, it contended, the allegedly defective condition was open and obvious. Shows, aware that her deposition testimony indicated that she had seen the hose, filed an affidavit in which she denied seeing the hose before she fell. The trial court, on Mayfield’s motion, struck Shows’s affidavit. The trial court then entered a summary judgment for Mayfield. Shows appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6). We affirm.
Our standard for reviewing a summary judgments is de novo; we apply the same standard the trial court applies. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant makes this showing, “the burden then shifts to the nonmovant to rebut the mov-ant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See West, 547 So.2d at 871, and Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.
In Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 160 (Ala.1997), the Supreme Court reversed this court’s judgment reversing a summary judgment in favor of the defendant flea market on the plaintiffs negligence claims; those claims were based on the plaintiffs allegation that she had slipped and fallen on loose gravel at the defendant’s place of business. The plaintiff had testified that she realized that the gravel could be slippery and that she would need to take extra precautions, such as taking smaller steps and walking more slowly, because of the tendency of the gravel to cause a person to slip. Mountain Top Indoor Flea Market, 699 So.2d at 159 n. 1. Based on this testimony, the trial court had determined that the plaintiff, knowing of the existence of the dangerous condition and having an appreciation of that condition, failed to exercise reasonable care for her own safety, and it entered a summary judgment for the flea market. Id. This court reversed the summary judgment, holding that the evidence created a genuine issue of material fact as to whether the plaintiff had an appreciation of the danger at the time of the incident. Id. at 160. The supreme court reversed this court’s judgment, in *467 essence affirming the defendant’s summary judgment, on the ground that the danger created by the gravel area had been an open and obvious one. Id. at 162.
In deciding the case, the supreme court clearly delineated the duty owed by a storekeeper to a business invitee on his premises:
“ ‘ “[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.” [Quillen v. Quillen,] 388 So.2d [985] at 989 [(Ala.1980)].
“ ‘In ... Terry v. Life Ins. Co. of Georgia, 551 So.2d 385, 386 (Ala.1989), this Court discussed the definitions of “known” and “obvious” dangers:
“ ‘ “The Restatement (Second) of Torts § 343A (1965) states:
“ ‘ “ ‘(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.’
“ ‘ “Comment b defines ‘known’ and ‘obvious.’ In order [for a factfinder] to conclude that the defect was ‘known,’ the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. ‘Obvious’ means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the ‘obvious’ test is an objective one.” ’ ”
Mountain Top Indoor Flea Market, 699 So.2d at 161 (quoting Hines v. Hardy, 567 So.2d 1283, 1284 (Ala.1990)).
At her deposition, Shows was asked if she knew that she “had to step up and over the hose in order not to trip over it.” She answered: “[W]hen I went to step over the hose, I didn’t think nothing — I didn’t know I was going to fall.” She also testified that she saw the hose, that she walked toward it, and that she could have walked around it to enter the store.
Although Shows testified in her deposition that she saw the hose, in her later affidavit she testified to the contrary. She complains that the trial court erred by striking her affidavit. The trial court properly struck the affidavit because Shows could not contradict her prior sworn testimony in order to create an issue of material fact to defeat a summary-judgment motion. Lady Corinne Trawlers, Inc. v. Zurich Ins. Co., 507 So.2d 915, 917-18 (Ala.1987).
Because the affidavit cannot be considered, Shows’s testimony creates no genuine issue of material fact. To the contrary, her testimony provides undisputed evidence that she knew of the danger presented by the hose and appreciated that that danger required her to take care to step over the hose. Accordingly, under the rationale of Mountain Top Indoor Flea Market, we conclude that the trial court properly entered the summary judgment for Mayfield because the danger presented by the hose was an open and obvious one.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.