On December 5, 1997, Prince went to a store operated by Wal-Mart Stores, Inc., to look at the bicycles displayed for sale. As he approached the area where the bicycles were displayed, he saw packing debris scattered on the floor by the display racks. Prince stated in an affidavit that he detoured around the packing debris and that, when he did, he stepped on a piece of plastic trim, about the same color as the floor, and slipped and fell. Prince said that the only witnesses to his fall were an unidentified man and child and that those people immediately went to summon a Wal-Mart employee for assistance. Scott Bauer, the manager on duty at the time of the alleged accident, testified in his deposition that he had identified a piece of rubber stripping on the floor immediately following the accident. Bauer testified that he found the stripping in a horseshoe shape and noticed that it would not lie flat on the floor. Bauer explained that the strip was made of rubber and would compress when pressed against the floor. Bauer stated that, as far as he knew, no one had been aware, before the alleged accident, that the stripping was on the floor.
Prince sued Wal-Mart on December 3, 1999, for damages based on the injuries he claimed to have suffered, asserting negligence on the part of Wal-Mart. Wal-Mart moved for a summary judgment on August 25, 2000. The trial court heard oral argument on Wal-Mart's motion on January 20, 2000, and subsequently entered a summary judgment for Wal-Mart.
Prince appealed to the supreme court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
A party is entitled to a summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. "Our standard of review in cases involving summary judgments is de novo." Lee v. Burdette, 715 So.2d 804,806 (Ala.Civ.App. 1998). "In reviewing the disposition of a motion for [a] summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact" and whether the movant "is entitled to a judgment as a matter of law." Bussey v. John Deere Co., 531 So.2d 860,862 (Ala. 1988); Rule 56(c)(3), Ala.R.Civ.P. "[I]f the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden . . . shifts to the non-movant; . . . the non-movant must show `substantial evidence' in support of *Page 1104 
his position." Bass v. SouthTrust Bank, 538 So.2d 794, 798 (Ala. 1989). Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co., 547 So.2d 870, 871 (Ala. 1989). Our review is further subject to the caveat that this court must review the record in a light that is most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412,413 (Ala. 1990). Summary judgments are generally not appropriate in negligence actions. There are, however, certain circumstances in which a summary judgment may be proper in a negligence action. Gordon v. MobileGreyhound Park, 592 So.2d 208, 210 (Ala. 1991); Morrison v. City ofOzark, 575 So.2d 1110, 1111 (Ala. 1991); see also, Sisk v. Heil Co.,639 So.2d 1363 (Ala. 1994) (summary judgment appropriate where plaintiff, as a reasonable adult, should have been aware of need for caution); Harvell v. Johnson, 598 So.2d 881 (Ala. 1992) (summary judgment appropriate in negligence case where plaintiff was aware of and appreciated the danger); Morrison v. City of Ozark, 575 So.2d 1110 (Ala. 1991) (summary judgment proper in negligence case where no duty found); and Duffy v. Bel Air Corp., 481 So.2d 872 (Ala. 1985) (summary judgment proper when only question of law exists).
The summary judgment consists of a dated notation signed by the trial judge on the case action summary sheet; no statement of facts is included in the judgment.
One seeking to recover on a negligence claim must prove a breach of a duty owed and must prove that the breach proximately caused injury or damage. Lowe's Home Ctrs., Inc. v. Laxson, 655 So.2d 943, 945-46 (Ala. 1994). The duty a premises owner owes to an invitee is well established. A premises owner owes a duty to an invitee to exercise reasonable care in maintaining the premises in a safe condition, or, if the premises are in a dangerous condition, to warn the invitee of the danger so that by the exercise of ordinary care, the invitee can avoid the danger. Armstrongv. Georgia Marble Co., 575 So.2d 1051, 1053 (Ala. 1991). The imposition of this duty does not make a premises owner an insurer of the invitee's safety. Hose v. Winn Dixie Montgomery, Inc., 658 So.2d 403, 404 (Ala. 1995). A premises owner is liable in negligence only if it "fail[s] to use reasonable care in maintaining its premises in a reasonably safe manner." Id. Further, when an invitor has knowledge of a dangerous condition, no liability can attach if the invitee also possesses knowledge of the dangerous condition. Ex parte Mountain Top Indoor FleaMarket, Inc., 699 So.2d 158 (Ala. 1997). In Ex parte Mountain Top IndoorFlea Market, the court stated:
 "`The duty owed to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care."'
". . . .
 "`Of course, the owner of the premises in such cases is not an insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to an invitee.
"`. . . .
 "`"[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care."'"
699 So.2d at 161 (citations omitted).
Wal-Mart supported its summary-judgment motion with Bauer's affidavit *Page 1105 
describing the rubbery, compressible characteristics of the strip found near where Prince claimed to have fallen. Bauer also stated in his affidavit that he had just arrived at the store to work his shift when the accident occurred and that, when questioned, none of the sales associates who had been working in the area just before Prince's accident admitted to seeing the strip on the floor. Prince testified in his deposition that he saw the packing debris around the bicycle racks and that he began to walk carefully around the debris. Such evidence has been held to support an inference that an invitee had been put on notice of an open and obvious danger. See Ex parte Mountain Top Indoor Flea Market, supra. The court in Hose v. Winn-Dixie Montgomery, Inc., supra, addressed whether a woman who had slipped in a grocery store on a puddle of dirty water had failed to show that the store had either actual or constructive notice of the puddle of water. The defendant Winn-Dixie's produce manager testified that before Hose's fall, he had had no knowledge of the liquid on the floor and that no customers had drawn his attention to the puddle. Further, the produce clerk testified that he had walked down the aisle 5 to 10 minutes before Hose fell and had observed no liquid on the floor. Because of this evidence, the trial court concluded that Winn-Dixie had made a prima facie showing that it had no actual or constructive notice of the liquid on the floor. Id. To rebut this prima facie showing, the plaintiff filed an affidavit in which she stated that the liquid was murky, and she claimed this evidence gave rise to an inference that people had walked through the liquid. The trial court held that her affidavit consisted of mere allegations or speculation and was not sufficient to rebut Winn-Dixie's prima facie showing; the supreme court affirmed the summary judgment in favor of Winn-Dixie. Id, at 405.
In the present case, Prince testified that he carefully navigated around the open and obvious obstacle of the packing debris. While he was walking around the debris, Prince says, he failed to notice a piece of stripping on the floor, and he claims that he slipped and fell on that stripping. Much like the claimant in Ex parte Mountain Top Indoor FleaMarket, who realized that the graveled area in which she fell was treacherous and was walking over the loose gravel with extreme care, Prince also acknowledged that the debris in the Wal-Mart aisle was dangerous and admits that he began to navigate around it with great care. See 699 So.2d at 162.
We conclude that Wal-Mart made a prima facie showing that it had no notice, either actual or constructive, of the piece of stripping on the floor; thus the burden shifted to Prince to present substantial evidence indicating that Wal-Mart had actual or constructive notice of the piece of stripping on the floor before Prince slipped and fell on it. See Hose, supra. Prince opposed Wal-Mart's motion for summary judgment by filing his own affidavit and his deposition, in which he avers that he was stepping over debris when his foot hit the plastic strip and slid, causing him to fall. In his deposition, Prince states that he had no idea how long the stripping had been on the floor. We hold that Prince failed to introduce substantial evidence to defeat Wal-Mart's properly supported motion for summary judgment.
AFFIRMED.
Crawley and Pittman, JJ., concur.
Yates, P.J., and Murdock, J., concur in the result. *Page 1106