Martha K. Harley appeals from a summary judgment entered in favor of Bruno's Supermarkets, Inc., d/b/a Food Fair (hereinafter referred to as "Food Fair" or "the store") and Dexter Nicholson. We reverse and remand.
Harley sued Food Fair and Nicholson, the store's manager, seeking compensation for injuries she sustained as a result of tripping over a curb outside the store and falling. Food Fair and Nicholson filed an answer asserting the affirmative defenses of contributory negligence and that the curb was an open and obvious danger. After the completion of discovery, Food Fair and Nicholson filed a motion for a summary judgment with a supporting memorandum and evidentiary exhibits. Harley filed a response to the motion with a supporting memorandum and evidentiary exhibits. After conducting a hearing on *Page 526 
the motion, the trial court entered a summary judgment in favor of Food Fair and Nicholson, without stating a rationale. Harley filed a notice of appeal to the supreme court, and this case was later transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Harley argues that the trial court erred in entering a summary judgment in favor of Food Fair and Nicholson because, she says, she presented substantial evidence in response to the motion for a summary judgment that created a genuine issue of material fact. Harley specifically relies on evidence that, she claims, tended to show (1) that Food Fair and Nicholson failed to warn the store's customers of the hazard posed by the curb and (2) that the hazardous condition created by the curb was not open and obvious. Our review of a summary judgment is de novo.
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542
(Ala. 1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
This court has observed:
 "In Alabama, the liability of a premises owner turns in the first instance on the classification given to the injured party. See Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala. 1997). When a person visits the premises for commercial purposes, as in this case, the person is an invitee. Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d at 161. The duty of a premises owner to an invitee `"`is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.'"' Id.
(quoting Sisk v. Heil Co., 639 So.2d 1363, 1365
(Ala. 1994), quoting in turn Harvell v. Johnson, 598 So.2d 881, 883 (Ala. 1992)). Stated another way, a premises owner `"has no duty to warn a invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part."' Id. (quoting Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala. 1980)).''
Browder v. Food Giant, Inc., 854 So.2d 594, 595 (Ala.Civ.App. 2002). Further, "`questions of openness and obviousness of a defect or danger and of [an invitee's] knowledge are generally not to be resolved on a motion for summary judgment.'" Hardingv. Pierce Hardy Real Estate, *Page 527 628 So.2d 461, 463 (Ala. 1993) (quoting Harvell v. Johnson,598 So.2d 881, 883 (Ala. 1992)).
Harley submitted evidence that provided the following account of the events leading up to her fall.[1] Harley arrived at the store around 6:00 p.m. on an evening in January; it was dark at this time and the only lighting provided at the scene of the incident was from light that illuminated from the store and parking lot. Harley had not been to the store in approximately three years. Harley attempted to enter the store through doors located on the north side of the building; however, because those doors were locked, she went to the south side of the building to enter. When she approached the store's entrance located on the south side of the building, Harley tripped over the curb, which was located in a fire lane in front of the entrance. The curb was painted yellow, as was the striping of the fire lane. Harley stated that she was not in total darkness and that she could see the ground; however, she stated that she did not see the curb until after she had tripped and fallen.
Our supreme court has held, under circumstances similar to those presented here, that the question as to whether a danger was open and obvious is a question of fact to be determined by a jury. In Ex parte Kraatz, 775 So.2d 801 (Ala. 2000), an invitee tripped and fell over a speed bump located in the premises owner's parking lot; the incident occurred at night, and the parking lot was dimly lit. The speed bump was not marked in such a way as to make it visible at night or to otherwise set it apart from the rest of the parking lot. In this case, the curb was painted with the same yellow paint as was the striping of the fire lane, it was dark outside the store, and the only illumination of the scene came from the store. In Kraatz, the supreme court distinguished the case before it from cases involving total darkness, see Owens v. National Security ofAlabama, Inc., 454 So.2d 1387 (Ala. 1984), and Ex parteIndustrial Distribution Services Warehouse, Inc., 709 So.2d 16
(Ala. 1997), by stating:
 "Several salient features distinguish the Kraatz
case before us from Owens and Ex parte Industrial Distribution Warehouse, supra. First, [the invitee in Kraatz] was walking in dim light, not total darkness. Partial or poor light, like that in the case before us, could mislead a reasonably prudent person into thinking that he or she would be able to see and avoid any hazards. The variable factors which make openness-and-obviousness under partial or poor light conditions a fact question not appropriate for resolution by summary judgment are direction, level, color, diffusion, shadows, and like qualities of light, as well as the other physical features of the scene. See, e.g., Woodward [v. Health Care Auth. of Huntsville, 727 So.2d 814 (Ala.Civ.App. 1998)].
 "Second, [the invitee] was walking in the light conditions which [the premises owner] provided and expected his customers to use in walking where she fell. The light conditions were not abnormal for the time or place so as to alert [the invitee] or any other invitee to a need to forgo walking there. Third, [the invitee] was walking on a surface [the premises owner] provided and expected his customers to use. [The invitee] had no reason to expect or to suspect an obstruction in her path. Indeed, what *Page 528 
would have been open and obvious to [the premises owner's] customers was that the premises owner had provided both the light conditions and the surface conditions for them to use for walking, just as [the invitee] was using them when she tripped and fell."
775 So.2d at 804.
Construing the record in a light most favorable to Harley and considering our supreme court's holding in Kraatz, we conclude that Harley presented sufficient evidence to withstand the motion for a summary judgment filed by Food Fair and Nicholson. Accordingly, the question as to whether the curb was an open and obvious danger is a question of fact to be presented to a jury. The trial court's judgment is therefore reversed, and the cause is remanded to the trial court for it to proceed in a manner consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., dissents, without writing.
[1] We note that this description of the location and series of events leading up to Harley's tripping over the curb and falling are stated in a light most favorable to her since she was the nonmovant in this case. See Hobson v. American Cast Iron PipeCo., 690 So.2d 341, 344 (Ala. 1997) (citing Wilma Corp. v.Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993), andHanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)).