CRAWLEY, Presiding Judge,
dissenting.
I dissent from the no-opinion affirmance of the trial court’s summary judgment in favor of Longrider Supply Co. Based on the following evidence, I believe there was a genuine issue of material fact as to whether the dangerous condition on Lon-grider’s premises was open and obvious to Henry A. Taylor: (1) William B. Johnson, Longrider’s proprietor, instructed Taylor to enter the building through the loading dock opening; (2) Johnson actually demonstrated for Taylor how to walk up the retaining wall to the right of the loading-dock opening, grab onto a piece of metal trim, and “sidestep” his way into the building; (3) Taylor saw that Johnson had sustained no injury when he entered the building in the manner described; and (4) Taylor, who was injured while entering the building in the described manner in August 2002, had entered the building in the same manner since 2000 without injury, and he had witnessed other drivers do the same.
Longrider’s argument that the condition that caused Taylor’s injury was open and obvious is an affirmative defense upon *1029 which Longrider bears the ultimate burden of proof. Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1194 (Ala.2002).
“ ‘ “ ‘[(Questions of openness and obviousness of a defect or danger and of [an invitee’s] knowledge are generally not to be resolved on a motion for summary judgment.’ ” Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala.1993) (quoting Harvell v. Johnson, 598 So.2d 881, 883 (Ala.1992)).’ Harley v. Bruno’s Supermarkets, Inc., 888 So.2d 525, 526-27 (Ala.Civ.App.2004). This rule is particularly applicable when, as in the present case, the defendant has taken steps to make what might other-ivise be an open and obvious condition on the premises less apparent to an invitee. Cf. Howard v. Andy’s Store for Men, 757 So.2d 1208 (Ala.Civ.App.2000).” ’ ”
Fender v. CEC Entertainment, 921 So.2d 428, 434-35 (Ala.Civ.App.2005) (Crawley, P.J., concurring in part and dissenting in part) (emphasis added).