The plaintiff appeals from a judgment based on a jury verdict in favor of the defendant in a slip and fall case. The defendant cross appeals.
Hester Martino slipped and fell in water in a store operated by Bruno's Inc., and was injured as a proximate result of the fall. She sued Bruno's requesting compensatory and punitive damages. The jury returned a verdict for Bruno's. Martino filed various post-trial motions, including a motion for new trial and a motion for a mistrial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied all of Martino's motions, but granted a motion by Bruno's for an award of costs. Martino appealed and Bruno's cross-appealed. The Supreme Court transferred these appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Martino argues that the trial court abused its discretion in denying her motion for new trial and her motion for mistrial, or for a judgment notwithstanding the verdict. Initially, we note that jury verdicts are presumed correct and that this presumption is strengthened on a trial court's denial of a motion for new trial. Smith v. Blankenship, 440 So.2d 1063
(Ala. 1983). Indeed, a trial courts ruling on a motion for new trial should not be disturbed on appeal unless some legal right has been abused and unless the record plainly and palpably shows the trial court to be in error. Jones v. Baltazar,658 So.2d 420, 421 (Ala. 1995). A motion for a JNOV simply provides the trial court with an opportunity to review its earlier ruling denying a motion for a directed verdict. First FinancialIns. Co. v. Tillery, 626 So.2d 1252, 1255 (Ala. 1993). These motions permit the trial court to determine whether the nonmovant has presented substantial evidence to support each element of her cause of action or defense. Id. Thus, in reviewing a motion for a directed verdict or for a JNOV, this court must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury could freely draw. Id. at 1256.
First, Martino argues that the trial court should have granted her a new trial, or mistrial, or a judgment notwithstanding the verdict, on the ground that the verdict was not sustained by the great preponderance of the evidence or by the law. The Alabama Supreme Court has held that "[n]o ground for reversal of a judgment is more carefully scrutinized or rigidly limited than the ground that the verdict of the jury was against the great weight of the evidence," and that, "[a]n appellate court must review the tendencies of the evidence most favorably to the prevailing party and indulge such inferences as the jury was free to draw." Christiansen v. Hall,567 So.2d 1338, 1341 (Ala. 1990) (internal citations omitted).
In this case, both parties agree that Martino was an invitee and that because she was an invitee Bruno's, the storekeeper, owed her a duty to maintain the premises in a reasonably safe condition. Webb v. Salmon Oil Co., 567 So.2d 278, 279 (Ala. 1990). However, a storekeeper is not an insurer of the invitee's safety, but is liable for injury only in the event that it negligently fails to use reasonable care in maintaining the premises in a reasonably safe condition. Cash v. Winn-DixieMontgomery, Inc., 418 So.2d 874, 876 (Ala. 1982). In order to establish the storekeeper's liability, the plaintiff must show that the injury was proximately caused by negligence on the part of the storekeeper and that the storekeeper had actual or constructive knowledge of the offending substance or condition that allegedly caused the plaintiff to fall. Id.; Clayton v.Kroger Co., 455 So.2d 844 (Ala. 1984).
Bruno's presented evidence indicating that the water upon which Martino slipped was caused to be on the floor by another customer's walking through the store carrying a bag of melting ice. Bruno's also presented evidence indicating that the customer carrying the ice was present in the store at the same time as Martino and was in fact still in the store when Martino fell. However, this customer was not noticed by Bruno's agents until after Martino fell. In addition, *Page 605 
witnesses for Bruno's testified that an inspection of the water conducted immediately after Martino's fall indicated that the water was not dirty or discolored and contained no footprints or other debris that would indicate that the water had been on the floor for any significant length of time. We conclude that this evidence constitutes substantial evidence from which the jury could have concluded that Bruno's was not negligent and that it had neither actual nor constructive knowledge of the existence of water on the floor before Martino's fall. Therefore, the trial court properly denied Martino's motions for a new trial and for a mistrial or JNOV.
Martino also argues that the trial court abused its discretion in not granting her motion for a new trial or her motion for a mistrial or a JNOV on the ground that the verdict for Bruno's was not unanimous. In support of this argument, Martino submitted the affidavits of two jurors in which they stated that they had favored returning a verdict for Martino, but that they did not realize that they could have voted to do so. The record reflects that the trial court, upon Martino's request, polled the jury by asking each juror individually if the verdict was indeed the verdict to which each had agreed, and that all the jurors, including the two who later signed affidavits to the contrary, answered affirmatively.
The proper method for determining whether a verdict reflects the intent of the jurors is to poll the jury. General MotorsCorp. v. Lucas, 530 So.2d 224 (Ala. 1988). In addition, Alabama law does not permit the use of jurors' affidavits for impeachment of their own verdict. Whitten v. Allstate Ins. Co.,447 So.2d 655 (Ala. 1984). However, this rule is subject to an exception that arises when the affidavits show that extraneous facts have influenced the verdict. Id. This exception does not apply in this case, in which Martino has not even alleged the existence of extraneous influence or other juror misconduct. Sound public policy and a due regard for the orderly administration of the law prevents jurors from impeaching their own verdict even when they later have misgivings about their verdict. See General Motors Corp. v. Lucas, supra. Therefore, the trial court did not abuse its discretion by denying Martino's motions for a new trial, or for a mistrial or a JNOV, based on Martino's claim of a nonunanimous verdict.
Finally, Martino argues that the trial court abused its discretion in awarding costs to Bruno's. The Alabama Supreme Court has held that the taxation of costs lies within the sound discretion of the trial court and that an order awarding costs will not be reversed absent a clear showing of abuse.Vulcan Oil Co. v. Gorman, 434 So.2d 760 (Ala. 1983). We find no evidence that the trial court abused its discretion in awarding costs to Bruno's in this instance.
Because we must reject the plaintiff's arguments on appeal, we consider the defendant's appeal moot. The judgment is affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in the result.