RICHARD L. HOLMES, Retired Appellate Judge.
Brenda F. Lands appeals from a judgment notwithstanding the verdict (JNOV) entered in favor of Eloise Hancock.
In May 1994 Brenda F. Lands (employee) filed a complaint against the DeKalb Jackson Retirement Home (retirement home), Linda Byrum (landowner), and Eloise Hancock (employer).
In her complaint the employee sought benefits under the Workers’ Compensation Act or, in the alternative, damages for negligence and wantonness under the Employer’s Liability Act.
Specifically, the employee alleged that the premises of the retirement home were not maintained in a reasonably safe working condition because a foreign substance was left on the floor, which caused the employee to fall and to sustain injuries to her foot and ankle. The retirement home, the landowner, and the employer filed answers, denying liability.
The trial court dismissed the workers’ compensation claim prior to the trial, since the employer apparently employed less than five employees and was, therefore, exempt from the Workers’ Compensation Act, pursuant to § 25-5-50, Ala.Code 1975. Thus, this appeal does not involve the workers’ compensation claim.
Instead, the case was tried by a jury on August 7,1995, under the Employer’s Liability Act, pursuant to Ala.Code 1975, § 25-6-1. This Act provides the following in pertinent part:
“(a) Except as otherwise provided by law, when a personal injury is received by a servant or employee in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employee, as if he were a stranger and not engaged in such service or employment, provided such liability is enforced in a court of competent jurisdiction.”
At the close of the employee’s case, the landowner and the employer moved for a directed verdict on both the negligence and the wantonness claims. The trial court entered a directed verdict in favor of the landowner on both claims. Therefore, the landowner is not a party to this appeal.
Additionally, the trial court entered a directed verdict in favor of the employer on the wantonness claim, but denied a directed verdict on the negligence claim. The jury returned a verdict in favor of the employee on the negligence claim in the amount of $11,-590.36.
Thereafter, the employer filed a motion for a JNOV, wherein she contended that the employee failed to produce any evidence of negligence. The employer also contended that the employee was contributorily negligent. Following a hearing, the trial court granted the employer’s motion and entered an order, which stated the following in pertinent part:
“This case is a slip-and-fall claim made under the employer liability act.
“In order for the [employee] to prevail in this case [she] must prove that the [employer] knew, or through the exercise of reasonable diligence, should have known, of a dangerous condition or foreign substance, which caused the [employee] to fall. In this case there is absolutely no evidence of such knowledge, and there is no evidence that the [employer] failed to exercise reasonable care in discovering such a condition or substance. In fact, there is no evidence that there was any foreign substance or dangerous condition at the time and place in question. In addition, the [employee] had a duty to keep the floors free of foreign substances as part of her duties as an employee, and if *875 she failed to see a foreign substance, she failed to fulfill that duty, thereby being contributorily negligent.”
The employee appeals, contending (1) that the trial court erred in granting the employer’s motion for a JNOV and (2) that the trial court erred in finding the employee contribu-torily negligent.
Our review of the record reveals the following pertinent facts: The employer owns and manages the retirement home. The employer hired the employee to work the day shift, from 6:30 a.m. until 4:30 p.m. The employee’s duties included cooking, cleaning, assisting the residents, and maintaining the home in a safe condition for the residents. The employer worked the night shift, from 4:30 p.m. until 6:30 a.m., and basically assumed the same duties as the employee.
The employer testified that, on the morning of the accident, she left approximately ten minutes early at the end of her shift, in order to check on her handicapped daughter, who lived in a trailer behind the retirement home. The employer testified that the retirement home was clean before she left and that, to her knowledge, there was not any liquid or foreign substance on the floor.
The employee testified that she reported to work at 6:30 a.m. and that after being there approximately five minutes, she slipped and fell. The employee could not state what caused her to fall. She stated that she was walking down the hall with a load of laundry in her arms, which obstructed her view, and that she fell on a “slippery” spot on the floor. She could not state whether there was any water or any other foreign substance on the floor. Her response was, “[i]t was slippery is all I can tell you.” The employee could not state whether her clothing was wet. The employee did acknowledge, however, that the residents of the home roamed freely and that it was possible that one of the residents could have spilled something on the floor during the time that she arrived and the time that she fell.
The employer testified that she came back to the home upon learning of the accident and that she did not see any foreign substance on the floor where the employee fell.
The employee contends, however, that the employer was negligent because, she says, the employer left the retirement home ten minutes early and, therefore, breached her duty to keep the premises in a reasonably safe condition for the employee.
Initially, we note that the employee’s contentions on appeal revolve around the question of the sufficiency of evidence. It is well-settled law in Alabama that the standards for testing a motion for a directed verdict and a motion for a JNOV are the same, since both motions test the sufficiency of the evidence. Coley v. Walker, 655 So.2d 1005 (Ala.Civ. App.1994).
Both motions are measured by the substantial evidence rule. Bell v. Sugarwood Homes, Inc., 619 So.2d 1298 (Ala.1993). The nonmoving party, therefore, must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Additionally, the entire evidence must be viewed in a light most favorable to the non-moving party. Gewin v. TCF Asset Management Corp., 668 So.2d 523 (Ala.1995). A motion for a JNOV “simply provides the trial court with an opportunity to review its earlier ruling denying a motion for a directed verdict.” Martino v. Bruno’s Inc., 681 So.2d 602, 604 (Ala.Civ.App.1996).
In this case the record reveals that the employee was an invitee. Therefore, the employer owed the employee a duty to maintain the premises in a reasonably safe condition. Webb v. Salmon Oil Co., 567 So.2d 278 (Ala.1990). “However, [an employer] is not an insurer of the [employee’s] safety, but is liable for injury only in the event that [the employer] negligently fails to use reasonable care in maintaining the premises in a reasonably safe condition.” Martino, 681 So.2d at 604. Additionally, as a general rule, an employer will not be held liable for any injuries suffered by an employee which result from a dangerous condition that was either known to the employee or should have been observed by the employee in the exercise of reasonable *876 care. McClendon v. Mountain Top Flea Market, 601 So.2d 967 (Ala.1992).
Here, the evidence reveals that any foreign substance, on which the employee alleges she slipped, could have been caused by one of the residents roaming about the retirement home. The employer testified that before she left the retirement home, she inspected the premises and saw no foreign substances on the floor. Additionally, the employee could not state that there was, in fact, any foreign substance on the floor. She also could not state whether her clothes were wet after she fell.
When we view the evidence in a light most favorable to the employee, the non-movant, we conclude that the employee failed to produce any evidence tending to show that the employer breached any duty owed to the employee. In other words, there was substantial evidence presented from which the jury could have concluded that the employer was not negligent and that she had neither actual nor constructive knowledge of the existence of any foreign substance on the floor before the employee’s fall.
Most importantly, we would note that the employee also had a duty to maintain the premises of the retirement home in a reasonably safe condition, which included keeping the floors clean and free of foreign substances. Therefore, the employee, in the exercise of reasonable care, should have observed any foreign substance which, she claims, was present on the floor and caused her to fall.
Accordingly, we conclude that the trial court correctly granted the employer’s motion for a JNOV.
In light of the foregoing, the issue regarding contributory negligence is pretermitted.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1976.
AFFIRMED.
All the judges concur.