MONROE, Judge.
On December 9, 1993, John Curvin, an employee of Wayne Farms, was working as a chicken catcher in a chicken house owned and operated by James Pinyan and Samuel Pinyan, when a fan fell on him and caused him to be severely injured. Curvin sued the Pinyans, alleging negligence and wantonness; the trial court entered a summary judgment in their favor.[1] The plaintiff also sued several fictitious defendants under the Alabama Extended Manufacturer’s Liability Doctrine. However, the plaintiff never amended his complaint to name the proper defendants. The plaintiff appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The following facts are undisputed: The fans in the chicken houses hang approximately a foot from the ground. These fans have to be raised by a winch so that the forklift used to transport the chicken cages can be driven into the houses. The process of chicken-catching begins with a forklift unloading empty cages into the chicken house. After the forklift unloads an empty cage, the catchers catch chickens and place them in the cage. When a cage is filled, the forklift removes it and replaces it with an empty one. The catchers work their way through the chicken houses, repeating this process. When they approach a fan, it must be raised before the forklift can be driven into that area to unload a cage. The fans must be operated at all times, and are raised only immediately before the chickens are gathered. No particular person is assigned the *437 duty of rolling up the fans; the catcher closest to the fan usually rolls it up.
On the day of the accident, the plaintiff and the other catchers had filled four cages before coming to the first fan. The Wayne Farms employee who was raising the fan in question “over-winched” it, causing the “S” hooks holding the fan to straighten, and thereby causing the fan to fall on the plaintiff, who was apparently standing under it. The plaintiffs supervisor, Melvin Curvin, testified by deposition that all chicken catchers had been given written safety information warning them to stay away from fans as they were being raised. Sidney Bradford, who also was employed by Wayne Farms on the day of the accident, stated in his affidavit that he had managed three catching crews. The plaintiff was on one of Bradford’s crews when the accident occurred. Bradford stated that all his crews had been instructed to stay away from the fans while they were being raised. He also stated that he investigated the accident and determined it was caused by a Wayne Farms employee’s over-winching the fan. He said that in his opinion the Pinyans did not cause the accident in any way. In his deposition, the plaintiff testified that he had been instructed that over-cranking the lift system would cause the winching system to break.
A summary judgment is properly entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to produce substantial evidence in support of its position. Gray v. Liberty Nat’l Life Ins. Co., 623 So.2d 1156 (Ala.1993). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
In its judgment, the trial court stated, in part, that “the plaintiff was aware of the danger and failed to use ordinary care.” The plaintiff argues that the trial court found him contributorily negligent as a matter of law, and that it erred in doing so. The Pinyans contend that the trial court’s judgment was not based on contributory negligence but on the plaintiffs status as an invitee. Their motion for a summary judgment was based on the law regarding a landowner’s duty to an invitee. Thus, it appears that the trial court’s judgment was based on the grounds argued in the Pinyans’ motion. Regardless, we will affirm the judgment if it is supported by any valid legal ground. Slawson v. Alabama Forestry Comm’n, 631 So.2d 953 (Ala.1994).
The duty owed by a landowner to a person on his premises depends on whether that person is a trespasser, an invitee, or a licensee. Ex parte Mountain Top Indoor Flea Market, 699 So.2d 158 (Ala.1997). An invitee is a person on the premises for some purpose that materially or commercially benefits the owner or occupier of the premises. Id. A licensee is a person on the landowner’s property with the landowner’s consent or as his guest, but with no business purpose. Sisk v. Heil Co., 639 So.2d 1363 (Ala.1994). Thus, the plaintiff was an invitee. The owner’s duty to an invitee “is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.” Id. at 1365; see also, Lands v. DeKalb Jackson Retirement Home, 688 So.2d 873 (Ala.Civ.App.1997).
The undisputed facts show that the plaintiff was aware that the winching system could fail and that a failure could cause the fan to fall. Testimony showed that the catchers had been warned not to stand under the fans while the fans were being raised, and the plaintiff presented no evidence disputing this testimony. The plaintiff did not present substantial evidence that would indicate that the accident was in any way attributable to negligence on the part of *438 the Pinyans. In his response to the Pinyans’ motion for a summary judgment, the plaintiff argued that the Pinyans had negligently allowed a dangerous condition to exist on their premises. The Pinyans basically admit that the winching system is dangerous, but the undisputed evidence shows that the plaintiff had been warned of the danger. Thus, the Pinyans had satisfied the duty they owed to the plaintiff. Banks v. Bayou Bend II, Ltd., 552 So.2d 1070 (Ala.1989) (holding that a landowner owes invitees a duty to keep premises in a reasonably safe condition, or, if the premises are in a dangerous condition, to give sufficient warning of the danger).
We conclude that the trial court properly entered the summary judgment in favor of the Pinyans.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. Curvin filed a separate lawsuit against his employer, Wayne Farms, in which he sought workers’ compensation benefits. The record in the present case does not indicate the outcome of that lawsuit.