MONROE, Judge.
On March 2, 1995, Sand Mountain Funeral Home, Inc. (“Sand Mountain”), sued Tom Wilson, a former employee, alleging conversion and breach of fiduciary duties. Sand Mountain also claimed that Wilson had conspired to devalue the corporate stock and had used corporate funds to purchase stocks in his name. Wilson counterclaimed, alleging that Sand Mountain had breached its contract with him regarding stock repurchase and that it owed him for unpaid salaries and commissions. Sand Mountain amended its complaint to add claims of fraudulent suppression and misrepresentation, tortious interference *1124 with business relations, defamation, and conspiracy. The ease proceeded to trial, and the jury returned a verdict in favor of Sand Mountain, awarding damages of $41,-550. The jury also returned a verdict in favor of Wilson, awarding him damages of $137,275. Sand Mountain moved for a judgment as a matter of law (formerly known as a motion for a JNOV) as to Wilson’s counterclaim; the trial court granted this motion, holding that Sand Mountain was entitled to a judgment as a matter of law on all claims brought by Wilson. Wilson appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A jury’s verdict is presumed to be correct and will not be reversed on appeal unless it is plainly erroneous or manifestly unjust. Healthtrust, Inc. v. Cantrell, 689 So.2d 822 (Ala.1997). A motion for a judgment as a matter of law tests the sufficiency of the evidence and is measured by the “substantial evidence” rule. Ellis v. Alcuri, 710 So.2d 1266 (Ala.Civ.App.1997). Thus, this motion permits the trial court to determine whether the nonmovant has presented substantial evidence to support each element of his cause of action or defense. Martino v. Bruno’s Inc., 681 So.2d 602 (Ala.Civ.App.1996). In reviewing a motion for a judgment as a matter of law, we must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury would be free to draw. Id.
The evidence indicates that Wilson was a full-time employee of Sand Mountain. He had worked as its manager since 1987 and was also a stockholder and a member of its board of directors until he resigned in 1995. Regarding his claim for unpaid salaries and commissions, Wilson testified that Sand Mountain owed him a total of $21,000 in unpaid salaries from 1987 to 1995. However, he testified as to the specific amounts owed for only three years, those years being 1987, 1988, and 1993, for which he testified Sand Mountain owed him $200, $4,700 and $3,850, respectively. Wilson produced exhibits, including some of his income tax returns for these years and minutes of Sand Mountain board meetings in which his salary and pay raises were discussed.
He also testified that he was promised a 10% commission on all “pre-needs” contracts that he sold, and he testified that he sold the vast majority of pre-needs contracts entered into by Sand Mountain. However, he was never paid his 10% commission. In his brief, Wilson states that proceeds from pre-needs contracts were either deposited into an interest-bearing checking account or were used to purchase insurance on the pre-needs contracts. Evidence was presented indicating that Sand Mountain had $150,000 in an interest-bearing checking account. Wilson presented additional evidence indicating that the value of insurance for Sand Mountain’s current pre-needs contracts was $227,468. He contends that he is entitled to 10% of each of these amounts, for a total of $37,-746.80.
In its order, the trial court stated that the evidence regarding the amount owed to Wilson for salaries and commissions was “sketchy and clearly would not support an award of $137,275.” We agree that Wilson did not present evidence to justify an award of $137,275 in damages on this claim. However, he did present substantial evidence indicating that Sand Mountain owed him for some unpaid salaries and commissions. Thus, this claim was properly submitted to the jury. Therefore, the trial court erred in entering a judgment as a matter of law on this claim.
Wilson’s other claim was that Sand Mountain breached its contract with him for the purchase of his stock. In its order, the trial court stated that Wilson had not presented sufficient evidence to support this claim. We agree. As the trial court noted, the minutes from the January 2, 1995, meeting of the board of directors of *1125 Sand Mountain state that Wilson offered to sell his shares in Sand Mountain for $50 each. The minutes also reflect that the board did not take action on this offer. Wilson again offered his stock for sale at the February 6 board meeting. A letter dated February 9, 1995, from Sand Mountain to Wilson states that Sand Mountain would purchase Wilson’s shares for $25 each. On March 2, 1995, Sand Mountain filed this lawsuit against Wilson. By letter dated July 18,1995, Wilson’s attorney notified Sand Mountain that Wilson accepted Sand Mountain’s offer to buy his stock.
Clearly, under these facts, the February 9 letter from Sand Mountain was a counter offer to Wilson, in which Sand Mountain offered to buy his stock for $25, rather than for $50 as Wilson had offered. Before Wilson accepted the offer, Sand Mountain had sued him, alleging that he had used corporate funds to buy stock in his name and that he had conspired to devalue Sand Mountain’s stock. Sand Mountain’s action in suing Wilson regarding his alleged wrongful acquisition of stock and intentional devaluation of stock constitutes a “definite action inconsistent with an intention to enter into the proposed contract.” Restatement (Second) of Contracts § 43 (1979). Thus, Wilson’s power of acceptance was terminated when he was served with the lawsuit. Id. As a matter of law, Wilson could not have accepted the offer on July 13, four months after he was served with the complaint on March 10. Therefore, we conclude that the trial court properly entered a judgment as a matter of law on this claim.

Conclusion

The trial court erred in entering a judgment as a matter of law on Wilson’s claims for unpaid salaries and commissions. The trial court properly entered a judgment as a matter of law on Wilson’s claim alleging breach of contract regarding his alleged contract with Sand Mountain for the sale and purchase of his stock. Thus, the trial court submitted to the jury one “good count” and one “bad count.” Because the jury returned a general verdict, it is impossible to determine upon which claim or claims it based its verdict. See generally Cincinnati Ins. Co. v. Little, 443 So.2d 891 (Ala.1983); Aspinwall v. Gowens, 405 So.2d 134 (Ala.1981). Thus, we must reverse the trial court’s judgment and remand this case for the trial court to order a new trial on the “good count.” See Alfa Mutual Ins. Co. v. Roush, 723 So.2d 1250 (Ala.1998); South Central Bell Telephone Co. v. Branum, 568 So.2d 795 (Ala.1990).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in part and dissents in part.