MONROE, Judge.
Margaret Sweat, individually and as executrix of the estate of her deceased husband, Dale Sweat, sued Prudential Insurance Company and AmSouth Bank, Inc., alleging several claims arising out of what Sweat characterizes as an improper refusal to pay credit life insurance benefits. Prudential and AmSouth moved for a summary judgment; Sweat opposed their motion. After a hearing, the trial court entered a summary judgment in favor of Prudential and AmSouth. Sweat appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. Sweat appealed from the summary judgment as it relates to four of her eight claims, including breach of contract, estoppel to deny coverage, failure to procure insurance, and fraudulent misrepresentation. This appeal was deflected to this court from the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Sweat claims that she presented substantial evidence creating genuine issues of material fact, so as to overcome the defendants’ motion for a summary judgment. The record tends to show the following: The Sweats applied for a home-equity line of credit from AmSouth on June 5, 1996. On June 12, Dale signed and submitted an application for credit life insurance, underwritten by Prudential, for coverage of the line of credit. One of the questions on the application form asked, “Within the past two years have you been treated by or consulted with any doctor for any heart or circulatory disorder, cancer, diabetes, lung, kidney or liver disorder or diagnosed as having AIDS or AIDS Related Complex?” Sweat answered “no” to the question. The Sweats were approved for the home equity line of credit, and Prudential issued a certificate of insurance. About eight months later, in February 1997, Dale died of atherosclerotic heart disease. Margaret Sweat made a claim for benefits under the Prudential policy. However, Prudential denied the claim because Dale had suffered from health conditions that he did not disclose on his insurance application.
The evidence shows without dispute that when Dale completed the application for insurance he was seeing a doctor for chronic heart disease, hypertension, and diabetes. In fact, he had seen his cardiologist just two days before signing the application, in which he said that he had not “consulted with any doctor” regarding “any heart or circulatory disorder.”
Margaret Sweat argues on appeal, as she did before the trial court, that a summary judgment is precluded because, *951 she says, there are issues of material fact as to whether Dale’s application for credit life insurance had been falsified and as to whether AmSouth knew or should have known that Dale had medical conditions that would prevent Prudential from issuing the policy.
Margaret contends that Dale did not answer “no” to the question regarding his health, and, therefore, that that response must have been falsified. However, she admits she was not present when Dale completed the insurance application and offers no evidence that would suggest the answers on the application were falsified.
Margaret further contends that Am-South employees were aware of Dale’s medical condition because he deposited his Social Security disability check with them and when he would visit the bank, she said, employees would ask him how he was doing. She offered no other evidence to support her contention that bank employees were aware of his medical condition.
Margaret’s contentions are based entirely upon speculation and conjecture. “Mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion.” Hurst v. Alabama Pmver Co., 675 So.2d 397, 400 (Ala.1996); Crowne Investments, Inc. v. Bryant, 688 So.2d 873 (Ala.1994).
The undisputed evidence shows that Dale Sweat signed an application for credit life insurance stating that he had none of the specified health conditions. However, it also shows that when he filled out the application, he was aware he was suffering from some of those conditions, including heart problems, hypertension, and diabetes.
When it denied coverage under the credit life policy, Prudential informed Margaret Sweat that if Dale had answered the application truthfully, then Prudential would have rejected it. Prudential also reimbursed Margaret for the premium payments the Sweats had made. Margaret cashed the check for the reimbursements.
“An insurance company is entitled to all material information bearing upon the obligation it undertakes in issuing a policy.” Liberty Nat’l Life Ins. Co. v. Hale, 285 Ala. 198, 202, 230 So.2d 526 (1969). In Hale, the Supreme Court went on to say:
“ ‘A candid and truthful answer would have enabled the insurer to discover the true facts with reference to the insured’s health. Insurance companies are entitled to candid and truthful answers, and when such candor is withheld and involves matters material to the risk, no just complaint can be raised, when, ... after investigations, the falsity is discovered and the policies issued in reliance upon the truthfulness of the statements, are avoided.’ ”
Id. (quoting New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277, 282 (1938)). See also, § 27-14-6(a)(2), Ala. Code 1975.
Margaret Sweat failed to present evidence sufficient to overcome the defendants’ properly supported motion for a summary judgment. The trial court properly entered the summary judgment in ■ favor of Prudential and AmSouth.
The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.