Steven Harding was injured when he tripped over a box protruding into an aisle in the 84 Lumber Company store in Midfield, Alabama. Harding sued Pierce Hardy Real Estate, doing business as 84 Lumber Company (hereinafter "84 Lumber"), alleging that it had negligently and wantonly failed to keep its premises in a safe condition. The trial court entered a summary judgment in favor of 84 Lumber; Harding appeals.
On appeal, Harding raises a single issue: whether he presented substantial evidence that his injury was caused by "negligent premises maintenance" on the part of 84 Lumber. This Court's review is limited to the issues raised on appeal; therefore, by failing to raise the issue on appeal, Harding has waived any argument as to whether the summary judgment in favor of 84 Lumber was proper as to the wantonness claims and the "negligent failure to warn" claim.
Therefore, our review on appeal is limited to whether the summary judgment was appropriate on the claim of negligent failure to maintain the premises in a safe condition. A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The movant " 'bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.' "Lawson State Community College v. First Continental LeasingCorp., 529 So.2d 926, 936 (Ala. 1988) (quoting Celotex Corp. v.Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552,91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c))); see Berner v.Caldwell, 543 So.2d 686 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must present "substantial evidence" supporting his position and creating a genuine issue of material fact. See § 12-21-12, Ala. Code 1975; Ala.R.Civ.P. 56. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The evidence, viewed in the light most favorable to Harding, the nonmovant, suggests the following facts:
Harding went to 84 Lumber to purchase paint and plaster. He picked up a gallon of primer and then he went to the plaster aisle. He observed 150 to 250 empty boxes thrown into the center of the aisle, leaving only an 8- to 12-inch path between the boxes and the rack of merchandise. Harding followed another customer down the aisle along the path; while he was walking down the aisle he tripped over a box of paint cans protruding about six inches into the path. Harding testified in his deposition that he did not see the box he tripped over because he was watching the person in front of him and was scanning the shelves; that, although he saw the boxes piled in the center of the aisle, he did not realize that they posed any special danger to him because he was following the path and the person ahead of him; and that he made no special attempt to avoid the boxes while walking the narrow path.
At the time of the accident, Harding was a business invitee of 84 Lumber. This Court has held: *Page 463 
 "[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson Sessions Bolt Co. [v. McCarty, 234 Ala. 60, 63, 173 So. 388, 391 (1937)]:
 " 'In 45 C.J. § 244, p. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." '
 "Accord, McRee v. Woodward Iron. Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala. 1979); Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable."
Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980) (emphasis supplied), quoted in McClendon v. Mountain Top Indoor FleaMarket, Inc., 601 So.2d 957 (Ala. 1992).
We have held that a summary judgment is proper on the issue of whether a defect was open and obvious when theundisputed evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger. See Harvell v. Johnson,598 So.2d 881, 883 (Ala. 1992). However, when the evidence is disputed, "questions of openness and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment." Id. In this case, although it is not disputed that Harding saw the boxes in the center of the aisle and that he took the narrow path around them, he denies that he saw the box of paint cans protruding into the pathway, that he appreciated the danger of this box in the pathway, or that he had reason to act more carefully to avoid the box in the pathway.
Therefore, because the evidence is disputed and Harding presented substantial evidence that the paint can box in the pathway was not an open and obvious danger, we reverse the summary judgment as to the negligent-failure-to-maintain-claim and remand this case for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.