The plaintiff, Pattie C. Harris, slipped and fell in the parking lot of a Hardee's restaurant that is owned and operated by the defendant, Flagstar Enterprises, Inc. Harris sued Flagstar, alleging that Flagstar had negligently and wantonly failed to maintain its premises in a reasonably safe condition and had thereby caused her to fall and be injured. The trial court entered a summary judgment in favor of Flagstar on both the negligence claims and the wantonness claim. Harris appealed. The Alabama Supreme Court deflected this case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
A summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(b)(3), Ala.R.Civ.P. The party moving for a summary judgment faces the initial burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Bass v. South-TrustBank of Baldwin County, 538 So.2d 794, 797 (Ala. 1989). Once the movant has presented a properly supported motion for summary judgment, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact.West v. Founders Life Assurance Co. of Florida, 547 So.2d 870
(Ala. 1989). "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Id. at 871.
The parties agree that Harris was an invitee of Flagstar, and that, therefore, Flagstar owed her a duty to use reasonable care to maintain its premises in a reasonably safe condition.Howard v. Bruno's, Inc., 567 So.2d 257 (Ala. 1990). However, this duty "applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would notbe observed by him in the exercise of ordinary care." Hardingv. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala. 1993) (emphasis in original), quoting Quillen v. Quillen,388 So.2d 985, 989 (Ala. 1980). In slip and fall cases, the plaintiff must prove:
 "(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance."
King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12, 13
(Ala. 1990).
On review of the trial court's judgment, we must view the record in a light most favorable to the nonmovant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990). The record reveals that Harris stopped at the defendant's restaurant at approximately 7:45 a.m. on February 3, 1994. Harris alleges that she exited her mini-van in her usual manner by placing her left foot onto the running board and then stepping onto the ground with her right foot. Harris testified by deposition that as her right foot hit the ground it began sliding and that the sliding caused her to fall. She also testified that immediately after falling she noticed sand and old-looking cigarette butts on the pavement where her foot had slipped. Harris further testified that she noticed a slide mark running through the sand, which appeared to have been made by a shoe, and that she also observed a corresponding scratch on her shoe. She admits that she did not look down before stepping onto the ground and that she probably would have noticed the sand and cigarette butts had she looked. She alleges that she suffered a broken *Page 762 
coccyx and a herniated disc as a result of the fall. The parties agree that Harris went inside the restaurant and notified the management of her fall. A "Guest Incident Report" was prepared, which revealed that a Flagstar employee investigated the site of the fall and found two cigarette butts and "something like sand." Harris submitted copies of Flagstar's policies and procedures that were in effect on the date of her fall. These policies and procedures instruct that trash and debris should be picked up from the parking lot continuously throughout each day. In addition, Flagstar's district leader, Ed Karshna, testified by deposition that each store's manager should complete an operational checklist before, during, and after each rush period, and he also testified that the morning rush period ran from 7:00 until 10:00. Flagstar's operational checklist directs that the lot be free of trash and that the curbs be swept. Karshna also testified that Flagstar strives to keep its parking lots clean and that any debris, including cigarette butts, should be removed from the parking lot during each inspection.
However, Delaine Robinson, the head manager on duty at the time of Harris's fall, testified in her deposition that she could not remember whether the parking lot had been inspected at all on the morning of Harris's fall. Robinson testified that she glanced around the parking lot as she was walking into the store that morning, but the record reflects that she had parked in the lot on the opposite side of the store from where Harris fell. Robinson further testified that she would have cleaned up the sand and cigarette butts had she seen them on the parking lot. Flagstar did not produce any evidence, by deposition, affidavit, or in any other form, to show that any employee had inspected the parking lot on the morning of Harris's fall.
Harris argues that Flagstar was not entitled to a summary judgment, contending that there were disputed material facts. Indeed, Harris presented evidence indicating that the offending substances had been on the ground for a long period of time and that Flagstar had not inspected the parking lot at all on the morning of her fall. We hold that Harris presented substantial evidence showing that Flagstar had constructive notice of the offending substances or that it was delinquent in failing to discover and remove them.
Flagstar contends that it is nevertheless entitled to a summary judgment because Harris did not present direct evidence indicating that she actually slipped on the sand and cigarette butts. Flagstar grounds this contention on Harris's admission that she was not looking down when she slipped and thus could not be absolutely sure that she slipped on the sand and cigarette butts. However, as noted above, immediately after falling she noticed the sand and cigarette butts on the ground where she had fallen, and she also noticed a slide mark in the sand and a corresponding scratch on her shoe. In addition, in describing her fall she testified as follows: "I know that I felt something as I was sliding. I knew that I had not just slipped on asphalt."
Contrary to Flagstar's argument, it is not necessary for Harris to prove the proximate cause of her fall by direct evidence. Indeed, while negligence cannot be proved by mere speculation, negligence can be completely established through circumstantial evidence. Bell v. Colony Apartments Co.,568 So.2d 805, 810 (Ala. 1990). The Alabama Supreme Court has held that "[a] fact is established by circumstantial evidence if it can be reasonably inferred from the facts and circumstances adduced." Id. at 810-11. The facts and circumstances surrounding Harris's fall constitute circumstantial evidence sufficient to establish the cause of her fall.
Finally, Flagstar contends that it would nevertheless be entitled to a summary judgment because, it alleges, Harris did not exercise reasonable care in failing to notice the sand and cigarette butts, which Flagstar alleges presented an open and obvious danger. However, "questions of openness and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment."Harding, supra, at 463, quoting Harvell v. Johnson,598 So.2d 881, 883 (Ala. 1992). Whether the offending substances created an open and obvious danger and *Page 763 
whether Harris failed to exercise reasonable care in not noticing the danger are issues appropriately decided by the jury.
For the above-stated reasons, the trial court erred in entering the summary judgment in favor of Flagstar on the negligence claim; as to that claim, we reverse the judgment and remand this cause for further proceedings consistent with this opinion. The trial court properly entered the summary judgment as to the wantonness claim, and as to that claim the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, and YATES, JJ., concur.
CRAWLEY, J., recuses.