PITTMAN, Judge.
Brenda Douglas sued Devonshire Apartments, L.L.C. (“Devonshire”), seeking to recover damages for personal injuries sustained when she fell while in the parking lot on Devonshire’s premises. Douglas alleged that she was a business invitee of Devonshire’s. She further alleged that Devonshire had negligently maintained its parking lot and that its negligence had caused her injuries. On July 13, 2001, Devonshire moved for a summary judgment; the trial court granted her motion on September 7, 2001. Douglas appealed to the supreme comet, which transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for a summary judgment, we use the same standard the trial court used. See Rule 56(c), Ala. R. Civ. P. Rule 56(c)(1) sets out a two-part standard for summary judgments. The trial court must determine (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). Fur *74 thermore, to defeat a properly supported motion‘for a summary judgment, the non-movant must ■ present “substantial evidence” to support the claim. See § 12-21-12, Ala.Code 1975. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary-judgment motion, this court must view the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The evidence, viewed in a light most favorable to Douglas, indicates that she had been employed with the United States Postal Service as a mail carrier for approximately seven years at the time of her fall. In April 2000, Douglas’s route included the Devonshire Apartments. She had been working that route for five months before the accident. The Devonshire stop was the only one on her route that required her to get out of her postal truck and place the mail in “lock boxes.” Douglas stated that she was familiar with the route and with the area where the “lock boxes” were located.
On April 11, 2000, Douglas entered the Devonshire parking lot and parked next to lock box five, where she had never previously parked.. She stated that she usually parked directly in front of lock box five, but on this occasion a vehicle was parked in her normal location, causing her to park elsewhere. Douglas testified that she stepped down out of the postal truck with her right foot first, then with her left foot, and then she fell in a hole. Douglas broke her right ankle and fractured her left ankle.
To recover in a premises-liability action based on a fall, a plaintiff must prove (1) that her fall was caused by a defect or instrumentality located on the defendant’s premises, (2) that the fall was the result of the defendant’s negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident. Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83, 84 (Ala.1992). Douglas was an invitee of Devonshire’s. Devonshire owed a duty to Douglas to “use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care.” Boudousquie v. Marriott Mgmt. Servs. Corp., 669 So.2d 998, 1000 (Ala.Civ.App.1995). Devon-shire’s duty to warn is limited to hidden defects that are unknown to the invitee and that would not be discovered by him or her in the exercise of ordinary care. Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158, 161 (Ala.1997). The owner of the premises is not an insurer of the safety of the invitee, and no presumption of negligence arises out of the mere fact of an injury to the invitee. Id.; see also Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978).
The premises owner has no duty to warn the invitee of open and obvious defects in the premises, of which the invitee is aware or should be aware through the exercise of reasonable care. Id.; see also Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980). A condition is “obvious” if the risk is apparent to, and -of the type that would be recognized by, a reasonable person in the position of the invitee. See Hartzog v. Compass Bank, 686 So.2d 325 (Ala.Civ.App.1996); Hines v. Hardy, 567 *75 So.2d 1283, 1284 (Ala.1990). The question of the openness and obviousness of a danger is generally not to be resolved on a motion for a summary judgment. See Harris v. Flagstar Enters., Inc., 685 So.2d 760, 762-3 (Ala.Civ.App.1996); Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 463 (Ala.1993).
Douglas testified that she was familiar with the area around the lock boxes and that she was not aware of any holes near the lock box; however, she did state that she was aware of an “indentation” in the asphalt that runs across the parking lot, because she would have to drive the postal truck over it to get to the particular lock box in question. The evidence indicates that the indentation runs the length of the parking lot and ends in the hole beside the curb.
Douglas testified that when she got out of the postal truck her view of the parking lot and curb in front of her was unobstructed. She further stated that although she did not see the hole before she fell, nothing prevented her from seeing it. Douglas viewed the hole following the accident after it had been filled in by Devon-shire and stated that it was “in the open.” As was the case with the plaintiff in Mountain Top Indoor Flea Market, supra, had Douglas been exercising ordinary care, she would have seen the hole before stepping out of the postal truck and avoided injury. Because the hole was not a hidden defect that Douglas could not have discovered by exercising reasonable care for her safety, Devonshire had no duty to warn her of any unsafe condition near the lock boxes. Under the specific facts of this case, we conclude that the trial court correctly entered a summary judgment for Devonshire.
AFFIRMED.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., dissents.