YATES, Presiding Judge,
dissenting.
The record indicates that Douglas was not aware of the defect in the parking lot beside the curb, which caused her to fall, and that she was careful to watch where she was going as she got out of her vehicle before the fall.
Jean Fryman, the manager of the Devonshire Apartments at the time of Douglas’s injury, revealed her prior knowledge of the area of the parking lot in question and described it as an “indention that went all the way across the parking lot, and then it kind of dipped up next to the curb.” She further stated that no precautionary measures were taken before Douglas’s injuries to warn of the “dip” in the area around the “lock box.”
I believe that a thorough review of the record indicates that a question of fact exists as to the obviousness of the hole. Questions of the openness and obviousness of a danger are generally left for the jury to decide. Harris v. Flagstar Enters., Inc., 685 So.2d 760, 762-63 (Ala.Civ.App.1996). Therefore, I must dissent.