SHAW, Justice
(concurring specially).
I concur in overruling the application for rehearing. I write specially to address some of the concerns expressed by the parties and amici curiae in briefs filed on application for rehearing.

Arguments Advanced by Homewood and Suttles

As noted in the opinion on original submission, the first question certified for this permissive appeal asked whether Suttles, who was allegedly acting in the line and scope of his employment at the time of the incident that is the basis of the underlying action, could be sued in his individual ca *101 pacity. Homewood and Suttles offered a very limited argument on this issue on original submission, focusing their argument on the rationale of this Court’s decision in Ex parte Hale, 6 So.3d 452 (2008), a decision involving the immunity from suit afforded sheriffs deputies under Ala. Const. 1901, art. I, § 14. The opinion addresses only that argument; other grounds that may prevent Suttles from being sued in his individual capacity were not raised and therefore are not addressed. Whether some other law or legal rationale offers Suttles immunity from being sued in his individual capacity is left to another day.
On application for rehearing, Homewood and Suttles state that they cited authorities other than Hale for the proposition that Suttles could not be sued in his individual capacity; specifically, they note that they argued in their reply brief that Smitherman v. Marshall County Commission, 746 So.2d 1001 (Ala.1999), holds that a public officer or employee engaged in the performance of official duties acts only within his or her official capacity and may be sued only in that capacity. This is a proposition distinct from the Hale argument. However, issues raised for the first time in a reply brief are not properly before us. See, e.g., Byrd v. Lamar, 846 So.2d 334, 341 (Ala.2002) (“[T]his Court does not address issues raised for the first time in a reply brief.”).[1] The opinion on original submission in note 4, 75 So.3d at 98, tacitly acknowledges that Homewood and Suttles mentioned, but failed to argue, this issue in their initial brief; nevertheless, we addressed and rejected that argument.
In their application for rehearing, Homewood and Suttles argue that in Smitherman “this Court held that a public officer or employee who is engaged in the performance of his official duties acts only within his official capacity and is only subject to suit in his official capacity....” I disagree that that was the holding of Smitherman.
In Smitherman, the plaintiffs sued various county commissioners and a county engineer seeking damages for personal injury sustained as the result of an allegedly improperly maintained roadway. The trial court noted that under Cook v. St. Clair County, 384 So.2d 1 (Ala.1980), the county commissioners could not be subject to suit in their individual capacities. Smitherman affirmed the holding that, under Cook, the commissioners were subject to suit only in their official capacities. In other words, the *102 Court noted what appears to be a per se rule barring individual-capacity suits against county commissioners.
The individual-capacity claim against the county engineer involved a different analysis. The trial court held: “ ‘There is no evidence that County Engineer, Bob Pi-rando, acted in his individual capacity with regard to the issues presented in the Plaintiffs’ Complaint. Accordingly, Bob Pirando, in his individual capacity, is dismissed with prejudice.’ ” 746 So.2d at 1003. On appeal, as to that aspect of the trial court’s judgment, this Court held:
“With regard to the claim against the county engineer in his individual capacity, the plaintiffs present no argument as to why the summary judgment was not proper as to the county engineer, and the record supports that summary judgment as to the county engineer. Consequently, we affirm the judgment as it relates to the county commissioners and the county engineer in their individual capacities.”
746 So.2d at 1004 (emphasis added). Smitherman gives no explanation as to what evidence the record contained in support of the summary judgment as to the county engineer. It is impossible to determine what actions the engineer did or did not undertake or how those acts occurred as part of, or could not be outside of, the line and scope of the engineer’s duties. It is clear, however, that the Court did not hold that the per se rule of Cook barring individual-capacity claims against county commissioners also applied to county employees. Indeed, there would have been no authority for the Court to do so, because nothing in Cook indicates that the rule addressed there would extend to county employees who are not part of a county’s governing body: “Because counties, as bodies corporate, act through their governing bodies, the county commission[s], [the county] commissioners likewise are subject to suit in tort, not in their individual capacities but only in their official capacities.” 384 So.2d at 7 (opinion on rehearing). In other words, the per se rule barring an individual-capacity action against a county commissioner exists by virtue of the county commissioner’s role as a part of the governing body of the county.
There is no argument before us in the instant case to the effect that municipal employees share the same “immunity” from suit in their individual capacities as county commissioners. Homewood and Suttles appear to assume that the evidence in Smitherman indicated that the county engineer — a county employee — was acting within the scope of his official duties and that the per se rule of Cook also barred individual-capacity claims against such county employees. However, all we know is that the trial court stated, without explanation, that there was no evidence indicating that the county engineer was acting within his “individual capacity.” We cannot infer from this statement the broad overarching rule that a municipal employee performing official duties can be sued only in his official capacity.[2] Smitherman certainly does not state such a broad rule, and no case since Smitherman was decided has cited Smitherman as standing for *103 such a proposition.[3] There can be no argument that the opinion in this case creates new law, that it treads new ground, or that it removes protections once afforded county or municipal employees.
However, none of this matters. The Court in Smitherman explicitly did not address the issue because the summary judgment in favor of the county engineer in his individual capacity was not challenged on appeal: “[T]he plaintiffs present no argument as to why the summary judgment was not proper as to the county engineer.... ” 746 So.2d at 1004. Because the issue was not raised, the Court could not — indeed there was no reason to — address it. See Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 462 (Ala.1993) (“This Court’s review is limited to the issues raised on appeal.”), and Ex parte Town of Lowndesboro, 950 So.2d 1203, 1210 (Ala.2006) (holding that an issue' that was “not decided by the courts made part of the opinion of the case ... cannot be binding precedent on the issue” (footnote omitted)). Although the trial court in Smitherman may have held that the county engineer’s actions were all taken in his official capacity and, thus, that he was not subject to a suit in his individual capacity, this Court passed no judgment on that holding, which was not challenged on appeal. Thus, Smitherman cannot be read to make any holding on that issue. I see nothing in what has been presented on application for rehearing indicating that this Court misapprehended the law in interpreting Smitherman.
Homewood and Suttles also contend that, as a matter of public policy, municipal police officers should be granted blanket immunity from actions against them in their individual capacities, as are sheriffs deputies, who are afforded immunity under § 14. This is contrary to current Alabama law, which is to the effect that § 14 immunity “does not extend to municipalities or its agents.” Ex parte City of Tuskegee, 932 So.2d 895, 901 n. 3. (Ala.2005); see also Norris v. City of Montgomery, 821 So.2d 149, 152-53 (Ala.2001) (holding that absolute immunity does not extend to municipalities); and Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975) (abolishing the doctrine of municipal immunity). No authority is cited for the proposition that the § 14 immunity afford *104 ed sheriffs deputies can or should be extended to municipal police officers. I thus see nothing indicating that this Court misapprehended the law on this issue in the opinion on original submission.
In any event, “it is well established that the legislature, and not this Court, has the exclusive domain to formulate public policy in Alabama.” Boles v. Parris, 952 So.2d 364, 867 (Ala.2006). See also Marsh v. Green, 782 So.2d 223, 231 (Ala.2000) (“Matters of policy are for the Legislature and, whether wise or unwise, legislative policies are of no concern to the courts.”). Moreover, the legislature, in Ala.Code 1975, § 6-5-338, has acted to extend a form of immunity to shield municipal officers who are sued in their individual capacities. This form of immunity has been incorporated into the analysis for determining State-agent immunity under the rule as restated in Ex parte Cranman, 792 So.2d 392 (Ala.2000), which analysis the trial court in this case has yet to perform. To argue that the decision in the instant case strips police officers of protection from suit ignores the fact that protections are afforded officers and that the underlying litigation has not yet reached the point where the trial court must examine whether those protections apply.
In the third issue in their brief on rehearing, Homewood and Suttles contend that, if Roy is able to assert individual-capacity claims against Suttles, then any damages award must be capped at $100,000 by Ala.Code 1975, § 11-47-190. As noted in the opinion on original submission, we have refused to address this issue based on the lack of argument regarding it in Homewood and Suttles’s initial brief. Because we do not address this issue, it must wait to be resolved on another day.
Lastly, Homewood and Suttles contend that the indemnification provisions of Ala. Code 1975, § 11-47-24, will require Home-wood to indemnify Suttles for any judgment he is required to pay, regardless of whether he was named in his individual or official capacity. Homewood and Suttles contend that this Court “erred in failing to recognize” that fact.
This specific issue was not argued in Homewood and Suttles’s initial brief on appeal. The arguments regarding § 11-47-24 related only to the issue whether Roy should be allowed to pursue a claim against Suttles in his individual capacity. Further, we noted that no authority was cited for the proposition that § 11-93-2 capped any claims against Suttles in his individual capacity at $100,000. Whether the caps on governmental liability found in § 11-93-2 or § 11-47-190 also act as caps on the personal liability of a governmental employee because of the duty to indemnify, or whether the statutory caps simply limit the amount of indemnification required to be paid by the governmental entity, are issues to be resolved another day.

Arguments of the Amici Curiae

Numerous amici curiae have filed briefs' in support of granting a rehearing in this case. Many of these briefs contain arguments regarding the questions certified by the trial court. Specifically, several arguments are made that there may exist other bases for holding that acts performed by a municipal officer in the line and scope of employment could not form the grounds for an individual-capacity claim against such officer.[4] However, issues and argu *105 ments raised by amici curiae and not argued by the parties to the ease are not considered by this Court. See Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 174 (Ala.2005) (stating that, to the extent an amicus curiae advances different arguments from the actual parties to the suit, those arguments cannot be considered). Thus, those issues are left ‘“for decision when properly raised and presented.’” Courtaulds Fibers, Inc. v. Long, 779 So.2d 198, 202 n. 1. (Ala.2000) (quoting State ex rel. Baxley v. Johnson, 293 Ala. 69, 74, 300 So.2d 106, 110 (1974)).
Other amici curiae have argued that this Court should address separate issues related to whether municipal or county employees can be held liable for actions taken while on the job or while engaging in their official duties. However, “[t]his Court’s review is limited to the issues raised on appeal.” Harding v. Pierce Hardy Real Estate, 628 So.2d 461, 462 (Ala.1993). Thus, a decision on these separate issues will have to wait until they are actually presented to this Court by parties to a proceeding properly before this Court.
Finally, some amici curiae have grossly misinterpreted our opinion in this case. One amicus curiae argues that our decision effectively overrules Cook v. St. Clair County, supra, which holds that county commissioners are not subject to suit in their individual capacities. However, the opinion makes no holding regarding county commissioners and, in fact, states that county commissioners cannot be sued in their individual capacities. Additionally, the issue whether municipal officers are to be treated the same as county commissioners under Cook was never argued on appeal; therefore, the opinion is simply silent as to this issue.
Several amici curiae also appear to contend that the opinion has stripped counties of all protection in litigation. However, the opinion affirms the principle that § 11— 93-2 caps the liability of “governmental entities,” even with respect to claims against the officials of those entities in their official capacities. See also § 11-47-190. Further, we note that individual-capacity claims do not seek damages from the governmental entity. Finally, individual-capacity claims are subject to a State-agent immunity defense under Cranman. I see nothing in the opinion substantiating their contention that we have removed all protection in litigation from counties.
Other amici curiae appear to believe that we actually held that § 11-47-190 does not apply, which, they allege, would create disastrous results. This argument is completely without merit, as we explicitly state in note 5 that “we decline[d] to address this issue.” 75 So.3d at 99.
Because the application for rehearing and the supporting brief do not demonstrate that this Court overlooked or misapprehended any points of law or the facts, see Rule 40(b), Ala. R.App. P., I concur to overrule the application.
BOLIN, J., concurs.

. There is much discussion in the briefs — both on original submission and on rehearing— regarding a "concession” by Roy that Suttles was working in the line and scope of his duties as an officer at the time the incident occurred. The argument is that, because he was performing official duties, Suttles can be sued only in his official capacity. However, Homewood and Suttles never raised a cogent argument addressing this issue in their initial brief; instead, they offered the very limited argument based on Hale mentioned above. Additionally, whether Suttles's actions were taken while he was acting in the line and scope of his employment is an issue that is addressed in determining whether State-agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala.2000), applies. Roy has not conceded that Suttles’s actions are protected by Cranman. The trial court has yet to undertake a Cranman analysis.
In a related argument, some amici curiae maintain that Roy’s allegations support no claim of individual- and personal-capacity liability; instead, the argument goes, her allegations are limited to acts Suttles performed in his official capacity. This is not accurate. Roy alleged in her complaint, in response to the motion for a summary judgment, and on appeal that Suttles’s actions in driving the motorcycle violated both the Homewood Police Department’s internal policies as well as state law. Roy continues to make such allegations, arguing that they are to be examined when the Cranman analysis takes place.

. Municipal officers are routinely sued in their individual capacities. See, e.g., Ex parte Dixon, 55 So.3d 1171 (Ala.2010) (police officer sued in individual capacity); City of Birmingham v. Brown, 969 So.2d 910 (Ala.2007) (city employee sued in individual capacity); Ex parte City of Tuskegee, 932 So.2d 895 (Ala. 2005) (police officers and municipal employees sued in individual capacities); Howard v. City of Atmore, 887 So.2d 201 (Ala.2003) (police officer and police chief sued in individual capacities); and Key v. City of Cullman, 826 So.2d 151 (Ala.Civ.App.2001) (police officer sued in individual capacity).

. A consistent argument in the briefs of amici curiae is that in Smitherman this Court held that, as a matter of law, individual-capacity claims were not maintainable against a public official or employee who is sued for actions taken in the line and scope of official duties. Essentially, some of the amici curiae construe Smitherman as extending the per se rule in Cook that county commissioners cannot be sued in their individual capacities to any governmental employees acting in the line and scope of their employment. Because we did not hold in our opinion on original submission in this case that Smitherman contained such a per se rule for employees, many of the amici contend that the effect of our opinion is that such employees are subject to "unlimited individual liability” for actions taken in the line and scope of their employment. This is simply incorrect. Officers acting in the line and scope of their employment are protected by State-agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala.2000). See Moore v. Crocker, 852 So.2d 89, 90 (Ala.2002) ("[Alabama Code 1975, § 6-5-338], by its terms, extends state-agent immunity to peace officers performing discretionary functions within the line and scope of their law-enforcement duties.”), and Hollis v. City of Brighton, 950 So.2d 300, 309 (Ala.2006) (formally incorporating § 6-5-338 into the Cranman rule governing State-agent immunity). If officers act outside their duties as described in Cranman, there is no immunity because the officers have, more or less, acted outside the line and scope of their employment. Our opinion on original submission in this case actually does not foreclose a per se rule forbidding individual-capacity actions; instead, we simply state that Homewood and Suttles’s authorities failed to demonstrate that such a rule existed.

. For example, the Association of County Commissions of Alabama argues that, under general principles of agency law, Suttles should not be sued in his individual capacity. However, it was Homewood and Suttles’s duty to present this argument in their initial brief. Because this argument was not presented on appeal, our opinion does not ad *105 dress it, and resolution of that issue will have to wait until another day.